**HAZEN RESEARCH, INC., Plaintiff-Appellee,**

v.

**OMEGA MINERALS, INC., Defendant-Appellant.**

**No. 74-1027**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 12, 1974.

Rehearing Denied Aug. 8, 1974.

---

4. 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 635 (1969).

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

S. P. Keith, Jr., Birmingham, Ala., for defendant-appellant.

Stanley D. Bynum, Birmingham, Ala., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

GOLDBERG, Circuit Judge:

On September 21, 1971, plaintiff Hazen Research obtained a default judgment in a suit for breach of contract against defendant Omega Minerals in the amount of $33,589.61 from the District Court in and for Arapaho County, Eighteenth Judicial District, State of Colorado. Acknowledging receipt of some $1,000 in partial satisfaction of that judgment, plaintiff instituted the present action in the United States District Court for the Northern District of Alabama seeking to recover the balance outstanding plus interest from the date of the Colorado decree. Defendant contended that the Colorado judgment was not entitled to enforcement on the ground that the state court had not properly obtained jurisdiction of the person of the defendant under state statutory or federal constitutional standards. The district court rejected those arguments and awarded plaintiff full recovery. We affirm.

28 U.S.C. § 1738 provides that the authenticated acts, records, and judicial proceedings of all state and territorial courts "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." [1] Under the compulsion of this statute federal courts are required to give full effect to the final judgments of state courts, subject only to narrowly circumscribed avenues of collateral attack. Midessa Television Co. v. Motion Pictures for Television, 5 Cir. 1961, 290 F.2d 203. Where the defendant has appeared in the original action, the judgment in that cause is res judicata on the issue of personal jurisdiction, whether the defendant actually litigated the question or merely permitted it to pass without objection. Defense to an adverse judgment on the basis of the failure of the rendering court to obtain jurisdiction of the person is therefore foreclosed, unless the peculiar law of the state in which the judgment was rendered would honor such a collateral attack. Durfee v. Duke, 1963, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186; American Surety v. Baldwin, 1932, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104.

It appears equally clear, however, that a claim based upon 28 U.S.C. § 1738 will not alone suffice to make out a case "arising under" the Constitution or laws of the United States for the purpose of asserting § 1331 federal question jurisdiction. Consequently, a fight over the enforcement of a state court judgment is not automatically entitled to a federal arena. Cf. Minnesota v. Northern Securities Company, 1904, 194 U.S. 48, 24 S.Ct. 598, 48 L.Ed. 870; People ex rel. McColgan v. Bruce, 9 Cir. 1942, 129 F.2d 421, cert. denied 317 U.S. 678, 63 S.Ct. 157, 87 L.Ed. 544. The statute merely provides the standard to be used in evaluating any judicial acts introduced into proceedings over which the court already has jurisdiction. In this case plaintiff has founded jurisdiction on diversity of citizenship, and we have the rather anomalous situation of a federal diversity court deciding a controversy in which Congress has, by the exercise of its express and implied powers, federalized all relevant legal questions—a diversity case in which there are no issues of forum state law.

---

1. This provision derives, of course, from Article IV, § 1 of the Constitution:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

However, by requiring federal courts to recognize state court judgments, see Huron Holding Corp. v. Lincoln Mine Operating Co., 1941, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725, and by extending full respect to the decrees of the courts of United States territories and possessions, the statute advances the notion of "full faith and credit" beyond its explicit constitutional boundaries. This legislative annexation appears entirely appropriate as necessary and proper for the operation of courts established by Congress under Articles I, III, and IV of the Constitution; and the courts have adopted no less expansive a policy, easily reading into § 1738 a requirement that state courts extend full respect to the judgments of federal judicial tribunals within the states, in the absence of any such direct statutory command. See

Baldwin v. Iowa State Traveling Men's Assoc., 1931, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244.[2] In those case, however, in which the defendant makes no appearance and the judgment goes by default, the defendant may defeat subsequent enforcement in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction. *See* Pardo v. Wilson Line of Washington, Inc., 1969, 134 U.S.App.D. C. 249, 414 F.2d 1145. Of course, the "burden of undermining [the judgment] rests heavily upon the assailant," Williams v. North Carolina, 1945, 325 U.S. 226, 233–234, 65 S.Ct. 1092, 1097, 89 L. Ed. 1577; and, should the attack fail, the default judgment becomes no less final and determinative on the merits of the controversy than a decree entered after full trial. Moyer v. Mathas, 5 Cir. 1972, 458 F.2d 431.

In the court below and on this appeal, Omega Minerals, a Delaware corporation not registered to do business in Colorado, has attacked the *in personam* jurisdiction of the state court, contending: (1) that the technical requirements of Colorado law for the service and return of summons on an out-of-state defendant were not met by plaintiff in the 1971 suit; and (2) that the Colorado long-arm statute[3] when restrained by state court precedent and federal due process, cannot reach a party with its limited Colorado contacts.

■■ As to its first sortie, a careful examination of state law leaves Omega rather effectively hoisted on its own petard—the intricacies of Colorado procedure. Plaintiff invoked the jurisdiction of the Colorado district court over the person of the defendant on the basis of the provision of that state's long-arm statute which confers local jurisdiction over any non-resident who "[transacts] any business within this state."[4] Defendant correctly points out that § 31–9–19 of the Colorado Revised Statutes provides a method for effecting such jurisdiction over a non-resident by substitute service on the Secretary of State together with registered mail notification to the defendant, a procedure not followed by Hazen in the state suit. But Omega overlooks the fact that this same provision recognizes the existence of alternative methods of service[5]. One such possibility, contemplated by statute and elaborated by rule, is personal service outside the state on a registered agent of the corporation[6]. Hazen chose this path and delivered process to Corporation Service Company of Wilmington, Delaware, defendant's required statutory agent[7]. Omega does not argue that this Colorado procedure denies the minimum constitutional requirement of adequate notice, *see* Mullane v. Central Hanover Bank & Trust Co., 1950, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; and it has failed to demonstrate any error on plain-

2. Since the parties can themselves confer personal jurisdiction on a court, the ease with which the question is foreclosed by any appearance of a defendant is only to be expected. So highly prized, however, are the interests of finality and economy served by full faith and credit and res judicata, that even objections to subject matter jurisdiction are ordinarily not entertained in collateral proceedings. Durfee v. Duke, 1963, 375 U.S. 106. *See* B. Currie, Full Faith and Credit, Chiefly to Judgments: A Role for Congress, 1964 Sup.Ct.Rev. 89.

3. Colorado Revised Statutes (C.R.S.) § 37–1–26.

4. C.R.S. § 37–1–26(1).

5. Nothing contained in this section shall limit or affect the right to serve any process,

notice or demand, required or permitted by law to be served upon a corporation in any other manner now or hereafter permitted by law, or by the applicable rules of procedure.
C.R.S. § 31–9–19(5).

6. C.R.S. § 37–1–27(1) specifically provides for personal service outside the state, "in the manner prescribed by the Colorado rules of civil procedure, with the same force and effect as if the summons had been personally served within this state." Rule 4(e)(5) of the Colorado Rules of Civil Procedure defines personal service on a corporation as delivery "to any officer, manager, general agent, or registered agent."

7. See Delaware Corporation Code § 132.

tiff's part in effectuating the service that would deprive a court of jurisdiction under the local law[8].

Defendant's second attack is more fundamental, concentrating not on the mechanism by which Colorado asserted its power, but rather on the statutory and constitutional support for the extraterritorial assertion. Omega contends that it has not transacted business in Colorado within the meaning of the statute; and, indeed, that it did not possess those minimum contacts with the forum necessary for a constitutional exercise of state authority. *See* Hanson v. Denckla, 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed.2d 1283; International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The court below concluded otherwise; and there is no more effective refutation of Omega's claim to being a stranger in Colorado than the largely uncontested and well supported findings of that court.

Omega, a corporation formed for the exploitation of mineral resources, possessed only one significant asset in the late 1960's—land in Clay County, Alabama containing graphite deposits. In 1969 Omega sent a representative to Colorado to engage a technical expert for aid in the development of extraction techniques. Defendant's agent chose Hazen, an established mineral testing and research firm, for this purpose. The arrangement proceeded with both the knowledge and approval of the responsible officials of Omega in Birmingham, Alabama. From the late summer of 1969 until the spring of 1971 the relationship between Omega and Hazen continued. During that period Omega shipped books, records, and more than 40 tons of ore, virtually the entire production of its Alabama property, to Hazen in Colorado for use in testing. Hazen billed Omega directly for these services and recieved several payments from defendant's offices in Birmingham. On at least one occasion, officials of Omega met with Hazen's personnel at a test site in Colorado. Omega showed no reluctance in its dealings with Colorado until, in early 1971, plaintiff's bills for work performed in recovering graphite from the Alabama ore were no longer honored and became the subject of this controversy.

■ The Colorado Supreme Court has rejected a "narrow and technical approach" to determining whether an enterprise has transacted business within the state for the purpose of applying the long-arm statute. As interpreted, that provision requires only that the defendant have performed some "purposeful acts" in Colorado, Knight v. District Court, 1967, 162 Colo. 14, 427 P.2d 110, 112–113. Omega's conduct in soliciting and entering into a contract to be performed in that state and in continuing with the arrangement for more than a year, provides an ample basis in Colorado law for the exercise of long-arm jurisdiction in a suit for breach of that agreement.

■ Defendant's constitutional objection to Colorado's assertion of *in personam* jurisdiction is little more than frivolous. There remain significant "territorial limitations on the power of the respective States" to compel defense by non-residents of their interests and to enter judgments binding them personally. Hanson v. Denckla, *supra,* 357 U. S. at 251. But, at least since the Supreme Court's decision in *International Shoe, supra,* the strictures of due process have not denied to a state the power to adjudicate the rights and obligations of parties to a contract formulated and performed within that state, even

---

8. Defendant argues at one point that, granting the adequacy of the initial service, the absence of any notation on the return of the identity of the party served and the authority by which she received process, deprived the court of jurisdiction. Even were we to accept the contention that under Colorado law technical defects in the return affect the jurisdiction of that state's courts, defendant would not prevail; for Colorado Rule of Civil Procedure 4(i), which governs manner of proof of service, does not require a statement as to the office or authority of the party identified as receiving the summons.

though the defendant cannot be located inside its borders at the time a dispute arises. The record in this case abounds with evidence of Omega's affirmative, purposeful decision to enter Colorado and conduct business there. This deliberate contact conferred on the courts of Colorado the constitutional authority to referee any bouts which resulted. Product Promotions, Inc. v. Cousteau, 5 Cir. 1974, 495 F.2d 483. Defendant cannot now be heard to complain of the forfeited decision.

Affirmed.