**BORG–WARNER ACCEPTANCE CORP., a Delaware Corporation, Plaintiff-Appellee, Cross-Appellant,**

v.

**LOVETT & THARPE, INC., a Georgia Corporation, Defendant-Appellant, Cross-Appellee.**

No. 83–8337.

United States Court of Appeals, Eleventh Circuit.

June 18, 1984.

James Stanley Smith and Francis M. Lewis, Dublin, Ga., for defendant-appellant, cross-appellee.

Michael L. Wetzel, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Borg-Warner Acceptance Corporation (BWAC), a Delaware corporation, filed suit against Lovett & Tharpe, Inc., a Georgia corporation, in a Missouri state court in 1982. Lovett & Tharpe received notice of the suit but failed to appear and defend. The Missouri court subsequently entered a default judgment in favor of BWAC after concluding that Lovett & Tharpe had conducted sufficient business in Missouri to subject it to in personam jurisdiction. The present diversity action began several months later when BWAC filed suit against Lovett & Tharpe in the District Court for the Southern District of Georgia in an attempt to domesticate and collect the Missouri judgment. Lovett & Tharpe opposed a motion for summary judgment by BWAC on the grounds that the Missouri court lacked in personam jurisdiction, rendering the default judgment void and unenforceable. The district court, 560 F.Supp. 905, concluded that the Missouri judgment acted as res judicata to any dispute concerning in personam jurisdiction and granted summary judgment against Lovett & Tharpe. We reverse and remand for the following reasons.

Both parties to this action mistakenly relied on an ambiguous footnote in a recent opinion in arguing that this issue is one of first impression. In *Fehlhaber v. Fehlhaber*, 681 F.2d 1015 at n. 27 (Former fifth Cir.1982), *cert. denied* —— U.S. ——, 104 S.Ct. 79, 78 L.Ed.2d 90 (1983), a panel of our court stated that "[t]he res judicata effect of a default judgment on jurisdictional defects is an unsettled question ...." This statement, although dicta and not binding in any event, obviously refers to the lack of national uniformity on the issue of whether a default judgment is open to collateral attack for alleged jurisdictional defects. The question was settled in this jurisdiction in a decision of the former fifth Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1208 (11th Cir.1981) (en banc) (decisions of the Fifth Circuit decided before September 30, 1981, are binding precedent for the Eleventh Circuit). "In those cases ... in which the

defendant makes no appearance and the judgment goes by default, the defendant may defeat subsequent enforcement in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction." *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir.1974). Accordingly, the trial court erred in granting summary judgment in favor of BWAC. Lovett & Tharpe is entitled to an opportunity to establish its defense.

BWAC cross-appeals claiming that the trial court abused its discretion in denying a motion to amend the complaint in order to seek damages provided by Georgia law against a "stubbornly litigious" defendant. We believe the appropriate disposition of this issue is to vacate the order of the district court and remand with instructions to re-examine the question. The district court's order denying the motion gives no reason or explanation for its decision. We note that, depending on the merits of the defense, Lovett & Tharpe's "stubbornness" may turn out to be a bad faith avoidance of debt, or it may have been a very successful litigation strategy.

REVERSED in part and VACATED and REMANDED in part.