LYNN McGUFFY CO., INC., Petitioner,

v.

PERFECTED INDUSTRIAL
PRODUCTS, INC.,
Respondent.

No. B14–84–403CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 1984.

Will G. Dickey, Dickey & Crofford, Houston, for petitioner.

Mike Wike, David S. Prince, Houston, for respondent.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ROBERTSON, Justice.

This appeal by writ of error seeks to set aside a default judgment based upon lack of service. Finding a failure to strictly

comply with the applicable statutes for substituted service, we reverse and remand.

Petitioner is a Louisiana corporation authorized to transact business in the State of Texas. Pursuant to Tex.Bus.Corp. Act Ann. art. 8.08 (Vernon 1980), it designated Little & Dickey, P.C. as its registered agent for service in Texas. Apparently, the agent moved and neither petitioner nor the agent notified the secretary of state as required by Tex.Bus.Corp. Act Ann. art. 8.09.

On July 25, 1983, respondent initiated a lawsuit against petitioner on a sworn account, and sought service of citation on petitioner's registered agent. After two unsuccessful attempts at service, the citation was returned to the court as "expired paper." Respondent then amended its petition seeking substituted service under Tex. Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964) through the secretary of state. The secretary of state attempted service under Tex. Bus.Corp. Act Ann. art. 2.11 (Vernon 1980) by sending a copy of the citation to the registered agent by registered mail, but it was returned bearing the notation "forwarding order expired." Subsequently, default judgment was granted.

While we construe all of petitioner's six points of error to attack the validity of the judgment because of no in personam jurisdiction over it since there was a lack of service of process, we need address only points two and three as they are dispositive. In the second point, petitioner contends the record does not show compliance with Article 2031b, and in the third point, petitioner contends it was not amenable to service under Article 2.11 of the Texas Business Corporation Act.

■ Respondent sought service under the Texas Long Arm Statute, Tex.Rev.Civ. Stat.Ann. art. 2031b (Vernon 1964), and was, therefore, required to strictly comply with the requirements of that statute in order to obtain in personam jurisdiction. *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820, 821 (Tex.App.—Dallas 1982, no writ). The pertinent sections of article 2031b are:

Section 1. When any foreign corporation ... required by any Statute of this State to designate or maintain a resident agent, ... has one or more resident agents and two (2) unsuccessful attempts have been made on different business days to serve process upon each of its designated agents, ... such corporation ... shall be conclusively presumed to have designated the Secretary of State of Texas as their true and lawful attorney upon whom service of process or complaint may be made.

Section 5. Whenever process against a foreign corporation ... is made by delivering to the Secretary of State duplicate copies of such process, the Secretary of State shall require a statement of the name and address of the ... home office of the non-resident. Upon receipt of such process, the Secretary of State shall forthwith forward to the defendant a copy of the process by registered mail, return receipt requested.

■ Our supreme court in *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–6 (Tex.1973) stated: "there must be *proof in the record* that the defendant was, in fact, *served in the manner required by statute.*" (emphasis added). Section 5 of article 2031b directs the Secretary of State to require a statement of the name and address of the home office of the non-resident, and then to forward a copy of the process to the defendant by registered mail, return receipt requested. The record fails to show compliance with the statute and we, therefore, sustain the petitioner's second point of error.

In its third point, petitioner contends the secretary of state was not authorized to serve process on it under art. 2.11 of the Tex.Bus.Corp. Act as art. 8.10 of the act controls how process on a foreign corporation may be served.

■ The Texas Business Corporation Act defines both the terms "corporation" and "foreign corporation," and specifically excepts a foreign corporation from the provisions of the act when the provision refers

to a "corporation." Article 2.11 provides for service of process on a "corporation" and Article 8.10 provides for service of process on a "foreign corporation." We reject respondent's argument that a foreign corporation may be served under the provisions of Article 2.11 for the reason that such construction would be in violation of the plain wording of the statutes referred to. We sustain petitioner's third point.

■ In its reply point respondent contends petitioner has failed to perfect its writ of error and is not properly before us. Specifically, respondent contends that petitioner has failed to allege a meritorious defense and has not shown that its failure to answer was not a result of its negligence or conscious indifference, relying on *Perez v. Columbia Civic Center, Inc.,* 658 S.W.2d 341 (Tex.App.—Corpus Christi 1983, no writ). We distinguish the *Perez* case because there Perez had been served with process and he failed to answer. In the case before us the attack upon the judgment as being void is based upon no in personam jurisdiction over petitioner. Under these circumstances it is not necessary that the defaulting defendant satisfy the four requirements as established by the supreme court in *Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124 (Tex.1939). *McEwen v. Harrison,* 345 S.W.2d 706 (Tex. 1961).

In passing, we believe the facts reflected and the results reached in this case demonstrate the need for legislative changes in Tex.Bus.Corp. Act art. 8.01 and Tex.Rev. Civ.Stat. art. 2031b. If substituted service through the secretary of state is sought upon a foreign corporation which has been authorized to transact business in this state and has designated agents for service of process, we fail to see any valid reason for there to be a distinction in the requirements for effective service whether the corporation is domestic or foreign.

The judgment is reversed and remanded for trial.