**HUDSON DRYDOCKS INC., a Louisiana corporation (formerly Vic's Shipyard, Inc.), Plaintiff-Appellee,**

v.

**WYATT YACHTS INC., a Florida corporation, Defendant-Appellant.**

No. 84–5122.

United States Court of Appeals, Eleventh Circuit.

May 20, 1985.

Jay M. Levy, Hershoff & Levy, Miami, Fla., for defendant-appellant.

Robinson & Greenberg, Barry N. Greenberg, Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and SMITH *, Circuit Judges.

KRAVITCH, Circuit Judge:

In this diversity case, plaintiff-appellee, Hudson Drydocks Inc., seeks to enforce a default judgment entered in a Louisiana state court against defendant-appellant, Wyatt Yachts Inc. The court below granted summary judgment in favor of Hudson Drydocks. Because we determine that appellee failed to demonstrate that there was

no genuine issue of material fact, we reverse and remand.

BACKGROUND

As determined from the affidavits filed in the court below, the facts underlying this litigation are these. In August, 1980, Charles Wyatt, president of Wyatt Yachts, a Florida corporation, went to Morgan City, Louisiana to secure a place to drydock a vessel, the M/V BIENVILLE, for inspection. At that time, Tidewater Grand Isle owned the vessel, and Wyatt Yachts was acting as a procuring agent for G.I.A. Corporation, a prospective purchaser. Charles Wyatt chose Hudson Drydocks,[1] which is located in Morgan City, to drydock the boat and to perform the inspection. Upon completion of the inspection, Wyatt Yachts purchased the vessel from Tidewater. Charles Wyatt returned to Louisiana and authorized Hudson Drydocks to perform some necessary repairs on the vessel. Wyatt then sold the M/V BIENVILLE to G.I.A. Corporation on September 3, 1980. In the beginning of September,[2] the boat left Morgan City, sailed down the Atchafalya River, and headed for the open seas. Before entering the Gulf of Mexico, the vessel developed engine trouble, so the crew returned the vessel to Morgan City. Hudson Drydocks repaired the boat a second time, and the M/V BIENVILLE began another journey. Wyatt Yachts paid for the inspection and the initial repairs performed on the vessel. Hudson Drydocks never received payment for the work done the second time the boat was brought in for repairs.

■ To recover its fee for the additional repairs, Hudson Drydocks filed suit against Wyatt Yachts in Louisiana state court. Wyatt Yachts failed to appear to defend the action, and Hudson obtained a default judgment. Hudson then filed this action in federal district court to enforce its judgment. Wyatt Yachts responded with a motion to dismiss, arguing that it did not receive proper service in the Louisiana ac-

---

\* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. At the time of the events surrounding this litigation, Hudson Drydocks was known as Vic's

Shipyard. To avoid any unnecessary confusion, we refer to the appellee as Hudson Drydocks.

2. The date on which the boat left Morgan City is not clear from the record.

tion, and that the state court lacked personal jurisdiction over Wyatt Yachts.[3] Alternatively, Wyatt Yachts sought relief from the Louisiana judgment under Federal Rule of Civil Procedure 60(b). In support of these motions, Wyatt Yachts filed the affidavit of its president, Charles Wyatt, which stated, *inter alia,* that the employee who purportedly was served with the complaint in the Louisiana action never notified the proper individuals of the pending lawsuit. Hudson replied with the affidavit of its own president, Victor Pratka, which set forth its version of the facts underlying this dispute. The district court denied both of Wyatt Yachts' motions. The court reasoned that on the record then before the court, it appeared that the judgment was entitled to full faith and credit. The court also ruled that any equitable relief from the judgment would have to be sought from the court in which it was entered.

Hudson next moved for a default judgment because Wyatt Yachts had not answered the complaint. Wyatt Yachts responded with an answer in which it set forth the following affirmative defenses: (1) the Louisiana judgment was obtained in violation of due process; (2) Wyatt Yachts did not come within the reach of Louisiana's long-arm statute; and (3) the district court lacks personal and subject matter jurisdiction. Hudson sought summary judgment, contending that there were no disputed facts in the litigation, and that Wyatt Yachts' first and second affirmative defenses were disposed of in the district court's order denying Wyatt's motion to dismiss; Hudson alleged that the third defense was without merit. In opposition to this motion, Wyatt Yachts submitted a second affidavit of its president, stating that it never authorized the second repairs performed on the vessel. Wyatt Yachts also filed documents reflecting its purchase and sale of the M/V BIENVILLE. The court granted Hudson Drydocks' motion, holding that the materials filed in opposition to the motion raised issues not properly before the court, citing its order denying Wyatt's initial motions. This appeal ensued.

DISCUSSION

■■■ 28 U.S.C. § 1738 requires federal courts to give full faith and credit to final state court judgments. There are, however, narrowly circumscribed instances that relieve a federal court's obligation to enforce these judgments. If a defendant to a lawsuit in state court never enters an appearance, and judgment is by default, the defendant may defeat enforcement of that judgment in a federal forum by demonstrating that the state court lacked personal jurisdiction over the defendant. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 734 F.2d 639, 640–41 (11th Cir.1984); *Hazen Research Inc. v. Omega Minerals Inc.,* 497 F.2d 151, 154 (5th Cir. 1974). Although the burden of setting aside the judgment rests upon the party against whom it is sought to be enforced, *Williams v. North Carolina,* 325 U.S. 226, 233–34, 65 S.Ct. 1092, 1096–97, 89 L.Ed. 1577 (1945), where the personal jurisdiction issue is resolved on summary judgment, it is the moving party's burden to establish that there is no genuine issue of material fact, and an entitlement to prevail as a matter of law. *Thrasher v. State Farm Fire & Casualty Co.,* 734 F.2d 637, 638–39 (11th Cir.1984).[4] In resolving this question,

---

**3.** Wyatt Yachts' grounds for dismissal of the complaint were not the proper subject of a motion under Fed.R.Civ.P. 12(b). Instead, Wyatt Yachts should have immediately answered the complaint, raising its grounds for dismissal as affirmative defenses. Fed.R.Civ.P. 8(c). A Rule 12(b) motion would have been appropriate to challenge the service initiating this litigation, or the district court's assertion of personal jurisdiction, which were not issues relevant to the enforcement of the Louisiana judgment. *See* Fed. R.Civ.P. 12(b)(2), 12(b)(4). An affirmative defense may be raised in a Rule 12(b)(6) motion

to dismiss for failure to state a claim, but only if the defense is apparent on the face of the complaint. *White v. Padgett,* 475 F.2d 79, 82 (5th Cir.), *cert. denied,* 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973).

**4.** The parties quarrel about the standard of review because they disagree over when the district court decided that the Louisiana court had personal jurisdiction over Wyatt. Appellants argue that the issue was determined adversely to them on Hudson's motion for summary judgment. Summary judgment, according to appel-

we treat the proffered materials in the light most favorable to the nonmoving party. *Id.* at 638.

Louisiana's long-arm statute is the sole method alleged by which the Louisiana state court could have obtained personal jurisdiction over Wyatt Yachts, a nonresident of Louisiana. This statute provides in pertinent part:

A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's (a) transacting any business in this state....

La.Rev.Stat.Ann. § 13:3201(a). For us to conclude that the Louisiana court had personal jurisdiction over Wyatt Yachts, we must be satisfied that Wyatt Yachts "transacted business" in Louisiana, and that the cause of action arose out of its activities in the State. *Aucoin v. Hansen,* 207 So.2d 834 (La.Ct.App.1968).

Three affidavits filed in the court below are brought to our attention. In his first affidavit, Charles Wyatt stated that even though a certified copy of the complaint was received by an employee of Wyatt Yachts, the complaint was never given to Charles Wyatt or to the corporation's counsel. In fact, the employee who received the complaint had left his employment with Wyatt Yachts without forwarding the complaint to the appropriate individuals. Thus, Charles Wyatt contended, he never had personal knowledge of the lawsuit in Louisiana. Hudson Drydocks responded with

Pratka's affidavit averring that in August and September, 1980, Charles Wyatt made several trips to Morgan City, Louisiana in connection with the drydocking of the M/V BIENVILLE. Further, Pratka alleged that he and Charles Wyatt telephoned each other numerous times to discuss the vessel. Pratka also stated that Charles Wyatt himself authorized the second repairs, the nonpayment of which gave rise to the state court litigation. After the court below denied Wyatt Yachts' alternative motions and Hudson moved for summary judgment, Charles Wyatt filed a second affidavit.[5] There, he admitted that Wyatt Yachts had acted as procuring agent for G.I.A. Corporation, which ultimately purchased the M/V BIENVILLE. Further, he neither denied that he travelled to Louisiana, nor that he spoke with Pratka in connection with the drydocking and initial repair of the vessel. The only material portion of Pratka's affidavit denied in Charles Wyatt's second affidavit is the allegation that Wyatt authorized the additional repairs; Charles Wyatt averred that G.I.A. Corporation owned the boat at this time, and that G.I.A. sought the subsequent repairs. He denied dealing at all with Hudson on this matter and alleged that the termination of Wyatt Yachts' agency relationship with G.I.A. Corporation was communicated to Hudson. Thus, the affidavits conflict on a point that is material to the enforcement of the Louisiana judgment: whether Wyatt Yachts authorized the subsequent repairs to the M/V BIENVILLE.[6]

---

lants, was improper because there was a genuine issue of material fact. Appellee contends that the district court ruled on the jurisdictional issue in denying Wyatt Yachts' motion to dismiss, and that the court's factual findings on the issue are subject to the clearly erroneous standard of review. Fed.R.Civ.P. 52(a); *see Attwell v. LaSalle National Bank,* 607 F.2d 1157, 1161–62 (5th Cir.), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980).

We agree with appellants that we should review the jurisdictional question using the summary judgment standard. The district court's denial of Wyatt Yachts' motion to dismiss did not resolve conclusively the issue raised on appeal. This was accomplished by the court's decision to grant summary judgment in favor of Hudson.

**5.** There was no memorandum accompanying this affidavit that explained why the court should not enter summary judgment. In its answer, Wyatt Yachts, however, did assert that the Louisiana court lacked jurisdiction under the long-arm statute. Therefore, the issue was raised in the court below, although in a haphazard fashion.

**6.** In ruling on Hudson's motion for summary judgment, the court below refused to consider Charles Wyatt's second affidavit, in which he disputed that Wyatt Yachts authorized Hudson to perform additional repairs on the M/V BIENVILLE. The court stated that the affidavit went to an issue not properly before it. Apparently, the court believed that the issues raised therein related solely to equitable relief from

If Pratka's version of the facts is correct, then the cause of action arose out of Wyatt Yachts' business activities in the state. If, however, Charles Wyatt presents the accurate account of what transpired, then the cause of action could not have arisen out of Wyatt Yachts' Louisiana contacts. This unresolved issue of material fact renders summary judgment inappropriate.

It is true that in a broad sense, the state court lawsuit was related to Wyatt Yachts' activities in Louisiana. That is, the cause of action pertained to the presence of the M/V BIENVILLE in Morgan City, Louisiana, brought about initially by Wyatt Yachts' actions. Agency relationships and ownership interests, however, do terminate. When they do, subsequent contacts relating to property that may have been the subject of the former interest or relationship ordinarily should not be imputed to those previously having an interest in the property. Thus, unless the second presence of the M/V BIENVILLE in Louisiana can be attributed to Wyatt Yachts, the cause of action cannot be said to have arisen out of its business activities in Louisiana. This is so because the cause of action would have related to the business efforts of someone other than Wyatt Yachts.[7]

Appellee argues that Wyatt Yachts' assertion that it did not authorize the additional repairs would have been a defense to the merits of the state court litigation, but is not relevant for jurisdictional purposes. That Wyatt's allegations also may have relieved it of any liability for the additional repairs, however, does not make summary judgment any more appropriate in this context. Jurisdictional issues may be interrelated with substantive issues affecting the outcome of litigation. *See, e.g., Escude*

*Cruz v. Ortho Pharmaceutical Corporation*, 619 F.2d 902, 905–06 (1st Cir.1980) (court analyzed parent corporation's relationship with its subsidiary using principles of "piercing the corporate veil"; because there was no evidence that parent controlled its subsidiary's activities, court refused to attribute subsidiary's actions to the parent for purposes of personal jurisdiction); *see also Blount v. Peerless Chemicals (P.R.)*, 316 F.2d 695 (2d Cir.) (same), *cert. denied*, 375 U.S. 831, 84 S.Ct. 76, 11 L.Ed.2d 62 (1963).

There being an unresolved issue of material fact, the court below erred in granting summary judgment. Accordingly, we REVERSE and REMAND for proceedings not inconsistent with this opinion.[8]

---

the judgment. As we explain, however, the affidavit was also relevant to the jurisdictional issue. Thus, the court's refusal to consider the second affidavit was inappropriate.

7. Because of the inadequate factual background, we do not attempt to delineate the grounds on which the court below should enforce Hudson's judgment. We note only that Wyatt Yachts'

assertion is interrelated with what probably would have been its defense to the state court action.

8. Because of our decision, we do not address the other issues identified by appellants, some of which were raised for the first time in this appeal.