AMERICAN STEEL BUILDING COM-
PANY, INC., Plaintiff–Appellee,

v.

DAVIDSON & RICHARDSON
CONSTRUCTION COMPANY,
et al., Defendants,

Fred Davidson, a/k/a Zed Davidson,
Defendant–Appellant.

No. 87–8500.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

---

**1520**

G. Brinson Williams, Jones Osteen Jones & Arnold, Billy Jones, Hinesville, Ga., for defendant-appellant.

Lamb & Associates, Michael A. Dominy, Atlanta, Ga., for plaintiff-appellee.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HILL, Circuit Judge:

This appeal involves the enforcement of a default judgment entered in a Texas court. The district court held that the Texas judgment was entitled to full faith and credit and granted summary judgment in favor of the plaintiff. We reverse.

## I. FACTS

American Steel Building Company, Inc., appellee, entered into a written contract with Fred Davidson, appellant, and Michael Richardson. The contract provided that Davidson and Richardson would purchase three specially manufactured steel buildings from American Steel. The contract also contained a forum selection clause:

> This contract shall be deemed to have been executed in the State of Texas, and the laws of the State of Texas shall be applicable thereto ... and to the extent permitted by law, it is agreed that any litigation arising hereunder shall be had in the Courts of appropriate jurisdiction in Harris County, Texas.

American Steel claims that it manufactured the buildings according to the contract and notified Davidson that they were ready for delivery. According to American Steel, Davidson refused delivery. American Steel then filed suit against Davidson, Richardson, and their partnership, Davidson and Richardson Construction, in Harris County, Texas. Because Davidson was not a resident of Texas and, in fact, had virtually no contact with the state outside of

this transaction, American Steel served the Texas Secretary of State pursuant to the Texas long-arm provision, Tex.Rev.Civ. Stat.Ann. art. 2031b (Vernon 1964). The Secretary of State forwarded copies of the complaint and summons by certified mail, return receipt requested to:

Zed Davidson
c/o Davidson Saw Mill & Lumber Co.
Highway 196 West
Hinesville, Georgia 31313

The Secretary of State received the return receipt bearing the signature of Thomas Burriss.[1] Davidson did not respond to the summons, and a default judgment was entered against Davidson & Richardson Construction, Michael Richardson, and Zed Davidson.

American Steel then filed the present suit in the United States District Court for the Southern District of Georgia, seeking to enforce the default judgment. The complaint named as defendants Davidson & Richardson Construction, Michael Richardson, and Fred Davidson a/k/a Zed Davidson. Only Fred Davidson was served and took part in this action. In an affidavit, Fred Davidson stated that he has never been known by the name "Zed Davidson."

American Steel moved for summary judgment arguing that there were no genuine issues of material fact relating to the enforceability of the Texas judgment. The district court found that the Texas court had properly obtained jurisdiction over Davidson and that the Texas judgment was entitled to full faith and credit. The district court entered summary judgment in favor of American Steel. Davidson appealed at that time, but the appeal was dismissed because the action remained pending as to the other named defendants. Subsequently, American Steel voluntarily dismissed those defendants, and Davidson filed the present appeal.

## II. DISCUSSION

■ Under 28 U.S.C. § 1738, federal courts must give full faith and credit to the

---

**1.** Counsel for the appellant indicated at oral argument that Burriss was Davidson's son-in-law.

final judgments of state courts. That obligation is, however, subject to an important limitation: "before a court is bound by the judgment rendered in another State, it may inquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n,* 455 U.S. 691, 705, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982). The full faith and credit statute thus requires a two-tiered analysis: first, we must consider whether the original court had jurisdiction, thus entitling the judgment to full faith and credit; and second, we must determine how much credit the judgment is entitled to receive. *See id.; Fehlhaber v. Fehlhaber,* 681 F.2d 1015, 1020 (5th Cir. Unit B 1982), *cert. denied,* 464 U.S. 818, 104 S.Ct. 79, 78 L.Ed.2d 98 (1983). Our first step is to determine whether the Texas court properly obtained jurisdiction over Fred Davidson.

█ In order to obtain jurisdiction over Davidson, the Texas court was required to comply with Texas law and the federal constitution. Because we find that the requirements of Texas law were not met, we need not address the constitutional issues.[2]

As an initial matter, we note that a Texas court would not allow a collateral attack on the default judgment based upon jurisdictional defects. *See, e.g., A.L.T. Corp. v.*

*Small Business Admin.,* 801 F.2d 1451, 1457 (5th Cir.1986) ("Texas courts refuse to entertain collateral attacks based on service defects if the judgment recites that the defendant was fully served."); *Imatani v. Marmolejo,* 606 S.W.2d 710, 713 (Tex.App. 1980) ("[A] defendant who is not served with process and who does not make any appearance at the trial may not, as a matter of public policy, attack the verity of a judgment in a collateral attack."). As noted above, however, federal courts may inquire into the jurisdictional basis of a judgment before according the judgment full faith and credit. That inquiry is, of course, constrained by principles of *res judicata:* "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Underwriters Nat.,* 455 U.S. at 706, 102 S.Ct. at 1366–1377 (quoting *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963)). In the present case, Davidson never appeared in the Texas court, never litigated the jurisdictional issues, and judgment was by default. This court has held that where the defendant does not appear, and judgment is by default, the state court judgment does not preclude the federal court from reviewing the jurisdictional issues. *See Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 734 F.2d 639, 640–41 (11th Cir.1984);

**2.** We do note, however, that the Texas court could have obtained jurisdiction over Davidson without violating the requirements of due process, despite his lack of contact with the state. Davidson consented to the personal jurisdiction of the Texas court through the forum-selection provision of the contract, and the enforcement of such a provision does not offend due process so long as it is "freely negotiated" and not "unreasonable and unjust." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985). Davidson does not contend that the forum-selection provision was coerced or unreasonable, and it was therefore constitutionally enforceable.

Appellant also argues that the forum-selection provision is not enforceable because it is contrary to the public policy of Georgia. Whether or not the provision would be enforceable in Georgia is not at issue in this case. Neither the

district court nor any Georgia court was asked to enforce the forum-selection provision. Only the Texas court enforced the provision, and there has been no showing that the enforcement was contrary to Texas law or policy. Under the full faith and credit provision, our analysis is limited to a determination of whether the Texas court's exercise of jurisdiction was consistent with Texas law and the federal constitution. Neither Georgia law nor policy is implicated.

Furthermore, because the district court was not called upon to enforce the forum-selection provision, this case is not governed by *Stewart Organization, Inc. v. Ricoh Corp.,* 810 F.2d 1066 (11th Cir.) (en banc), *cert. granted,* —— U.S. ——, 108 S.Ct. 225, 98 L.Ed.2d 184 (1987), which deals with the question of whether state or federal law applies when a district court is called upon to enforce a forum-selection provision in a diversity case.

*Hazen Research Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 (5th Cir.1974). We are thus required to review the jurisdictional issues in this case.[3]

As noted previously, American Steel attempted to serve Davidson and establish jurisdiction under the Texas long-arm statute, Tex.Rev.Civ.Stat.Ann. art. 2031b. Under section 5 of the statute, substitute service may be accomplished on a non-resident defendant by delivering a copy of the summons and complaint to the Texas Secretary of State. The Secretary of State must obtain a statement of the name and address of the defendant, and then forward the material to the defendant by registered mail, return receipt requested.

■ Davidson argues that service of process was deficient under Texas law for two reasons. First, he argues that the material was mailed to "Zed Davidson" and he has never been known by that name. Second, he argues that he never actually received the material and that Thomas Burriss, who signed the return receipt, was not his agent.[4] It is clear that the latter objection has no basis under Texas law. Texas does not require that a defendant actually receive the material, but only that it is served and mailed according to the statutory requirements. *See TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 708 (Tex.App. 1982) (statute satisfied despite the fact that receipt was returned "Not Deliverable As Addressed, Unable To Forward"). Thus, as the district court found, it is not decisive that Thomas Burriss was not Davidson's agent or that Davidson may not have actually received notice.

■ We find, however, that the error in the name to which the Secretary of State mailed the summons and complaint is decisive under Texas law, and that it is fatal to the Texas court's exercise of jurisdiction. The Texas courts have made it abundantly clear that the requirements of any statute providing for substitute service must be "strictly complied with." . *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973); *McKanna v. Edgar*, 388 S.W. 2d 927, 929 (Tex.1965); *Lynn McGuffy Co., Inc. v. Perfected Indus. Prod., Inc.*, 683 S.W.2d 781, 782 (Tex.App.1984); *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820, 821 (Tex.App.1982).[5] Under

**3.** We note that the Court of Appeals for the Fifth Circuit has taken a somewhat different path on this issue. In *A.L.T. Corp.*, 801 F.2d at 1456–57, the court applied Texas' "absolute verity rule" to preclude federal court inquiry into certain jurisdictional defects in the original Texas Court's judgment. The court apparently distinguished between defects under state law and those under the due process clause of the federal constitution. While the court refused to consider jurisdictional defects under the state law, the court did review the federal due process issues. We find no reason to distinguish between these two kinds of defects with respect to the *res judicata* effect that a default judgment has on the issues. In *Hazan Research*, 497 F.2d at 153–56, the court reviewed both state and federal issues concerning the jurisdictional basis for the default judgment, and in *Hudson Drydocks, Inc. v. Wyatt Yachts, Inc.*, 760 F.2d 1144, 1147 (11th Cir.1985), this court considered primarily state law questions in reviewing the jurisdictional basis of a default judgment. It is thus clear that federal courts may inquire into both state and federal defects in jurisdiction under section 1738. Where neither aspect of jurisdiction has been litigated, there is no reason to give *res judicata* effect to the default judgment on one aspect of jurisdiction, but not on the other. If jurisdiction was defective in either respect, the original court did not have the power to enter

judgment against the defendant, and the judgment is not entitled to full faith and credit. Conversely, if the jurisdictional question had been litigated in state court, the judgment would be *res judicata* on both the state and federal jurisdictional issues.

**4.** At oral argument counsel for the appellant attempted to raise a third issue regarding the service of process. Counsel argued for the first time that the address to which the process was sent was not Davidson's proper address. If indeed there is a dispute over the address, the issue should have been raised in the district court. We need not consider such an issue raised for the first time on appeal. *See Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1198 (11th Cir.1986); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir.1984).

**5.** The Texas courts apply the strict compliance standard on direct review when assessing the validity of service under a substitute service provision. On collateral review, however, the Texas courts apply the absolute verity rule to preclude review of the jurisdictional issues. Because we find that federal courts may inquire into the jurisdictional basis of a default judgment where the defendant made no appearance, we may not apply the absolute verity rule in this

this firm rule of strict compliance, the record must show on its face that the statute was complied with and the showing may not be aided by generous inferences. *McKanna*, 388 S.W.2d at 929–30. As an example of the severity of this rule, a Texas court has held that the statute was not complied with where the plaintiff provided the Secretary of State with the "last known address" of the defendant rather than the defendants "home or home office" address. *See Verges*, 642 S.W.2d at 822.

The complaint and summons in the present case were addressed to "Zed Davidson," while the intended recipient stated that he has never been known by that name. Such an error cannot survive the strict compliance test applicable under Texas law. While the defendant might have been able to discern that the notice was intended for him, Texas law does not permit such speculation or inference. Rather, we may only inquire whether notice mailed to "Zed Davidson" strictly complies with the statutory requirements for notice to Fred Davidson. We conclude that it does not. We need not decide whether every typographical error and misspelling would undermine strict compliance, for in this case there were not simply different spellings of the same name, but clearly different names.

Because of the failure strictly to comply with the requirements of the Texas long-arm statute, the Texas court did not obtain jurisdiction over Davidson. This flaw in the Texas judgment renders the default judgment against Davidson unenforceable under 28 U.S.C. § 1738. We therefore reverse the judgment of the district court and remand with instructions to dismiss the action against Davidson.

REVERSED and REMANDED.

JOHNSON, Circuit Judge, dissenting:

I agree with the majority that alleged service defects under long arm statutes are reviewable by this Court as a threshold consideration of due process. The majority, however, exaggerates the degree of strict compliance required in Texas, and I dissent as to the conclusion that American Steel defectively served Fred Davidson.

The majority's reversal of the district court judgment rests on the mailing of service to "Zed" rather than "Fred" Davidson. By comparison to those service defects that have crippled jurisdiction in Texas, I find that the error in this case does not rise to the level of a jurisdictional defect. Those Texas cases in which service fell short of strict compliance without exception pose more substantive defects than the error in this case.[1] The recognized

---

case. Thus, we apply the strict compliance standard, which a Texas court would apply if it undertook to review the sufficiency of substitute service.

1. On direct appeal, Texas courts have found strict compliance with the long arm statute lacking where: 1) the plaintiff did not allege that the defendant was a foreign corporation, *Alpha Guard, Inc. v. Callahan Chemical Co.*, 568 S.W.2d 448, 449 (Tx.Civ.App.1978); 2) the plaintiff did not allege that the defendant did not have a regular place of business in Texas, *Public Storage Prop. VII Ltd. v. Rankin*, 678 S.W.2d 590 (Tx.Ct.App.1984); *McKanna v. Edgar*, 388 S.W. 2d 927 (Tx.1965); 3) the plaintiff did not support the naked allegation that the defendant's agent received process, *Encore Builders v. Wells*, 636 S.W.2d 722 (Tx.Ct.App.1982); *Bankers Life & Casualty Co. v. Watson*, 436 S.W.2d 404 (Tx. Ct.App.1968); 4) the plaintiff did not state that the location given for the defendant was his residence, *Franecke v. Dolenz*, 668 S.W.2d 481 (Tx.Ct.App.1984); 5) the record did not show, by certificate or otherwise, that process had been sent by the Secretary of State in accordance with the long arm statute, *Roberts v. Niekerk*, 730 S.W.2d 341 (Tx.Ct.App.1987); *McGuffy v. Perfected Indus. Prods. Inc.*, 683 S.W.2d 781 (Tx. Ct.App.1984); *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tx.1973); and 6) service was sent to the last known address which was not alleged to be the home or home office of the defendant, *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820 (Tx.Ct.App.1982).

By contrast, Texas courts on direct appeal have upheld default judgments where: 1) not the Secretary of State but an employee of the Secretary was served, *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399 (Tx.1986); 2) there was no verification that the defendant had received service, but the letter had been sent by registered or certified mail, return receipt requested, *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 231 (Tx.Ct.App.1987); 3) service did not reach the defendant but was returned with the notation that the letter was "not deliverable as addressed, unable to forward," *TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706 (Tx.Ct.App. 1982).

defects go either to an explicit statutory element that lacked proof in the record or to a necessary allegation that was completely devoid from the record. No Texas court has gone as far as the majority in this case chooses to go.

The strictest requirement of compliance that the majority can marshal from a Texas case is the inadequacy of providing a "last known address" to the Secretary of State without alleging it to be the home or office address. *Verges*, 642 S.W.2d 820. In this case, American Steel gave the correct office address. The address included the name of the company, Davidson Saw Mill & Lumber Company, that was joined as a defendant in Texas. The mailing did not go to some stranger; rather, as the majority points out in its first footnote, it was received by Fred Davidson's son-in-law. That the long arm of service came so close to Fred Davidson without reaching him is not a shortfall of failed statutory compliance. *Cf. TXXN*, 632 S.W.2d 706. It stretches the truth, not the service, to conclude that this is a case of complete misnaming rather than partial misspelling.

I believe that the district court correctly recognized the Texas default judgment and therefore would affirm the summary judgment in favor of American Steel.