Mike SHERMAN, Plaintiff-Appellee,

v.

Fredric D. KIRSHMAN, Defendant,

and

Richard King, Joseph Rashti and Robert Adler, etc., Defendants-Appellants.

No. 175, Docket 30747.

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1966.

Decided Dec. 21, 1966.

Robert Shapiro, New York City (J. B. Sheftel and Eisman, Lee, Corn, Sheftel & Bloch, New York City, on the brief), for plaintiff-appellee.

Irvin Waldman, New York City (Kugel, Berkeley & Gottesman, New York City, on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

MEDINA, Circuit Judge:

Three members of an alleged partnership or joint venture appeal from a summary judgment against them in an action on a promissory note for $20,000, dated January 15, 1962. On voluminous papers and a series of assertions giving the impression that these appellants had been held liable on the note by a judgment in an action in a federal court in Iowa, after personal service of process, and appearance by counsel, Judge Murphy allowed summary judgment against appel-

lants by endorsing the papers, "Motion granted."

█ A careful scrutiny of the affidavits and documentary proofs adduced in support of the motion and in opposition thereto, however, discloses that the Iowa proceeding was *in rem* and solely for the purpose of adjudicating the amounts due in connection with a long series of notes and chattel mortgages to facilitate the action of a receiver in reducing to possession a considerable number of cattle and hogs covered by the chattel mortgages. No personal judgment was prayed for or rendered. Indeed, these appellants were not named as defendants in the Iowa proceeding, they were not at any time served with process, they did not appear in person or by an attorney, and they had no knowledge whatever of the proceeding. Moreover, there is at least one affidavit, presumably on personal knowledge, by appellant Richard King, to the effect that the joint venture was dissolved "in early December, 1961." As there are issues of fact to be determined at a trial, we reverse the summary judgment.

Some time in the late fifties there was considerable speculation in the mid-West in the purchase and sale of cattle and hogs. Inevitably some Easterners became interested. Thus it was that, long before the date of the note that is the subject of this action, Fredric D. Kirshman and the three appellants here formed a joint venture using the name Fredric Kirshman Associates. This is the joint venture that appellants claim was dissolved "in early December, 1961." Because of this dissolution of the joint venture appellants claim further that the signature to the note, "Fredric Kirshman Associates, Fredric D. Kirshman Partner," did not bind them or any of them to pay the amount of the note.

As the judgment roll in the proceeding relied upon as "the basis of collateral estoppel" is not before us, we are deprived of the only authentic source of ascertaining the names of the parties, and the appearances of the attorneys who served notices of appearance or filed pleadings on behalf of the parties. Even if the name "Fredric Kirshman Associates" should be found in the list of those named as defendants, this would scarcely justify the assumption that these appellants were named as parties or that personal service of process had been made upon them within the territorial limits of the federal court in Iowa. True it is, the interlocutory decree relied upon states:

> The Court finds that all interested parties have been duly served with summons herein and with notice of the hearing of said application of Mike Sherman, in accordance with the order of this Court entered January 24, 1964, and that this Court has jurisdiction over the subject matter and of the parties.

But such an omnibus clause has little meaning in the context of this case. Of undoubted significance, however, is the following clause 3 of the same interlocutory judgment:

> On the record made, and inasmuch as Mike Sherman has not prayed for a money judgment in this Court, this Court does not have jurisdiction to enter personal judgment against the makers of the notes ordering them to pay the sums due thereon.

As far as we can make out from the disconnected and various more or less complete documents before us, the whole litigation started with an interpleader suit and as an offshoot there was an *in rem* proceeding in aid of a receiver who had been appointed; and the sole purpose of this *in rem* proceeding was to adjudicate the validity of various numerous notes and chattel mortgages covering a large number of cattle and hogs. Of course it was necessary to adjudicate the validity of the notes connected with each of the chattel mortgages. Thus, as in the case of the many other notes and mortgages described in the interlocutory decree, the rights of the "lien claimant" Mike Sherman (appellee) were supported by findings that he purchased the note and chattel mortgage of Fredric

Kirshman Associates "in good faith and for value, before maturity."

It is well settled that in a proceeding *in rem* or *quasi in rem* to determine interests in property the judgment is generally conclusive upon the persons named as defendants solely with respect to their interests in the property. Combs v. Combs, 249 Ky. 155, 60 S.W.2d 368, 89 A.L.R. 1095 (1933); Porter v. Barrett, 89 F.Supp. 35 (E.D.Pa.1946); Rest. Judgments, Sections 75, 76.

In the absence of jurisdiction over the person even a judgment holding a named defendant liable on a note or other obligation to pay money is not entitled to full faith and credit in another jurisdiction. Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942); Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 21 L.Ed. 897 (1874). What is more, even if the judgment roll recited service of process within the jurisdiction of the court or the appearance of counsel, these recitals are not conclusive in an action on the judgment but may be challenged and traversed. O'Boyle v. Bevil, 259 F.2d 506 (5 Cir. 1958); Hicklin v. Edwards, 226 F.2d 410 (8 Cir. 1955); National Malleable & Steel Castings Co. v. Goodlet, 195 F.2d 8 (7 Cir. 1952). Where plaintiff asserts that process was served in the prior action and defendant denies it, there is an issue of fact that cannot be brushed aside on a motion for summary judgment. Gonzales v. Tuttman, 59 F.Supp. 858 (S.D. N.Y.1945); 6 Moore's Federal Practice, Par. 56.17(52).

The case for summary judgment here is weaker because the record before us does not state that these appellants were parties and it does state that even against those who were parties plaintiff sought no personal judgments against the makers of the notes ordering them to pay the sums due thereon.

Perhaps appellee, by his repeated assertions that appellants were parties to the prior case, means no more than that "Fredric Kirshman Associates," which appellee calls a partnership because Fredric Kirshman signed the note as partner, was a party and that means appellants were parties. One additional difficulty with this argument is that, even in a suit on a promissory note against a partnership, the judgment is only enforceable against partnership property and the individual assets of the partner who was served. Iowa R.Civ.P. 4 (Judgment against a partnership may be enforced against partnership property and that of any partner served or appearing in the suit); Western Mutual Fire Ins. Co. v. Lamson Bros. & Co., 42 F.Supp. 1007 (S.D.Iowa 1941); 2 Moore's Federal Practice, Par. 4.24; N. Y. Partnership L., Section 26.

The general tenor of appellee's arguments is to the effect that the prior adjudication is binding on appellants in this action on the note. We do not understand what appellee means by "collateral estoppel" in the context of the facts before us. We hold there is no judgment binding on these appellants and no "collateral estoppel."

One of the most confusing phases of the case is presented by appellee's insistence that appellants appeared and were represented by counsel in the Iowa proceeding. We think the representations made on this phase of the case go beyond what is permissible by reason of the zeal of advocacy.

In the affidavit supporting the motion for summary judgment it is asserted, with reference to a certain pre-trial conference in the Iowa proceeding: "The defendants herein appeared in said pre-trial conference by their attorney, one Harold Winston." The recital in the pre-trial order, however, reads:

This matter having come on for pre-trial conference on December 6, 1963, before the Special Master, Mike Sherman appearing by his attorney, Eugene Davis, and Benric Associates and Fredric Kirschman appearing by their attorney, Harold Winston * * *.

It is also asserted in the moving affidavit that "defendants' New York attorneys sent a telegram to the Court setting forth claims and defenses." An examination of the telegram, however, shows that it is signed by "Malcolm S. Mason of counsel to Kirshman and Benric [and] David Lench of counsel to Rudolph."

It is plain to us that an appearance on behalf of Fredric D. Kirshman is not an appearance on behalf of these appellants and it should not have been represented as such.

■ An entirely different problem would be presented if appellee had been able to prove that in the *in rem* proceeding these individual appellants had appeared and had contested the issue as to the validity of the note and their liability to pay the amount due thereon. Under these circumstances, even in a proceeding *in rem*, those who litigate issues and lose are bound by the result, even where the issues actually litigated concern the jurisdiction of the court itself. Durfee v. Duke, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); Sherman v. Jacobson, 247 F.Supp. 261 (S.D.N.Y.1965); Medina, Conclusiveness of Rulings on Jurisdiction, 31 Colum.L.Rev. 238 (1931).

When all the digressions, unwarranted characterizations and exchanges of epithets are laid to one side, the whole case as presented to us boils down to this: in the Iowa proceeding "Fredric Kirschman Associates" was named as a party defendant because "Fredric Kirshman Associates" signed the note and the chattel mortgage. Whether "Fredric Kirshman Associates" was a partnership or a joint venture, neither the plaintiff, appellee Mike Sherman, nor anyone else connected with the proceeding except Fredric Kirshman himself seems to have known the identity of the other partners or joint adventurers. Consequently, these other individuals were not named as parties defendant, nor were they served with process within or without the territorial limits of the federal court in Iowa. Nor did any of these individuals appear by notice of appearance of counsel, by the filing of a pleading contesting any of the issues arising out of appellee's complaint or petition, or by any sort of appearance whatever, formal or informal. What actually happened was that the only person connected with "Fredric Kirshman Associates" known to Mike Sherman or his counsel, namely Fredric D. Kirshman, was the person served with process, the person notified of the hearing to be held on January 15, 1964, the person represented by Harold Winston at the pre-trial hearing on January 15, 1964 and the person on whose behalf the telegram of February 21, 1964 was sent. Far from proving any personal jurisdiction over these appellants in the Iowa case, the above facts demonstrate to our satisfaction that there was no such personal jurisdiction. Nor is the position of appellee improved by the circumstance that appellants' connection with "Fredric Kirschman Associates" as joint adventurers was finally disclosed in the answer filed in this action on February 18, 1963, some months after the commencement of the Iowa proceeding. Had the simple facts above recited not been buried under an avalanche of verbiage and mutual recriminations of one sort or another we have no doubt Judge Murphy would have denied the motion for summary judgment.

While the affidavit of appellant Richard King is sufficient to save the issue of the dissolution of the joint venture "in early December, 1961," we note the circumstance that the document, a copy of which is annexed to the king affidavit, is described as "effective as of December 10, 1961."

The judgment appealed from is reversed and the motion for summary judgment denied.