Dr. I. H. RUBAII, d/b/a Technical Consultant Services, Plaintiff-Appellant,

v.

LAKEWOOD PIPE OF TEXAS, INC., a Texas Corporation, Defendant-Appellee.

No. 81–6188.

United States Court of Appeals, Eleventh Circuit.

Jan. 14, 1983.

Jawdet I. Rubaii, Alan K. Smith, Clearwater, Fla., for plaintiff-appellant.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, Tex., for defendant-appellee.

Before VANCE and ANDERSON, Circuit Judges, and JONES, Senior Circuit Judge.

R. LANIER ANDERSON, III, Circuit Judge:

Dr. I.H. Rubaii ("Rubaii") challenges the district court's order dismissing his lawsuit without prejudice for lack of personal jurisdiction over Lakewood Pipe of Texas

("Lakewood Pipe"). We affirm the district court. Applying the doctrine of res judicata, we hold that previous Florida state court decisions preclude relitigation of the jurisdictional issue related to Rubaii's contract claims. As for Rubaii's tort claims, we rely on the relevant minimum contacts standards to uphold the district court's determination that it lacks personal jurisdiction over Lakewood Pipe.[1]

## I.

Although some facts are disputed, the background essential to adjudicating this lawsuit seems clear. On September 12, 1974, Rubaii entered into a contract with Federal Supply, a Florida corporation. This contract provided that Rubaii would assist Federal Supply to obtain contracts with Arab oil-producing nations in exchange for 50% of the gross profits thereby received. On January 29, 1975, Federal Supply, with Rubaii's assistance, entered into a contract with the Iraqi Ministry of Agriculture and Agrarian Reform to sell piping to Iraq. Under the terms of this contract, the Iraqi Ministry agreed to pay for the piping by a letter of credit in favor of Federal Supply. Because of difficulties in performing its part of the bargain, Federal Supply entered into an agreement with Lakewood Pipe on February 8, 1975. This agreement assigned to Lakewood Pipe the rights and obligations of Federal Supply as set forth in the contract between Federal Supply and the Iraqi Ministry. Lakewood Pipe agreed to supply the piping to Iraq. Lakewood Pipe also specifically agreed "to guarantee brokerage commissions due in connection with the performance of obligations of Federal." Record, vol. I, at 18.

Thereafter, Federal Supply filed a Chapter 11 bankruptcy petition. As Rubaii describes it, the bankruptcy court sustained Federal Supply's obligation to him, but he was unable to collect payment despite his best efforts. As a result, Rubaii instituted a lawsuit against Lakewood Pipe in the Florida state courts. Lakewood Pipe raised the defense of personal jurisdiction. At first, the Florida trial court ruled that Lakewood Pipe's guarantee of brokerage commissions justified Florida jurisdiction. The Florida appellate court reversed and remanded so that the trial court could determine if Lakewood Pipe had other contacts with Florida which would enable the state courts to exercise jurisdiction. *Lakewood Pipe of Texas, Inc. v. Rubaii,* 379 So.2d 475, 478 (2d Fla.Dist.Ct.App.1979). On remand, the trial court decided that it lacked jurisdiction over Lakewood Pipe under Florida's long-arm statute, Fla.Stat. Ann. § 48.193(1)(g) (West Supp.1981).[2] The

---

1. Rubaii sets forth several claims. Our reference to the contract claims includes Rubaii's claims for breach of contract, quantum meruit, and an accounting for profits. Our reference to *the tort claims includes his allegations of conversion, fraud, and conspiracy to commit fraud.* We also hold that Fla.Stat.Ann. § 48.193(1)(d) (West Supp.1981) (insurance contracts) does not provide for jurisdiction in this case.

2. Fla.Stat.Ann. § 48.193 (West Supp.1981) provides in part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

(b) Commits a tortious act within this state.

(d) Contracts to insure any person, property, or risk located within this state at the time of contracting.

(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.

(3) *Only causes of action arising from acts or omissions enumerated in this section may be asserted against a defendant in the action in which jurisdiction over him is based upon this section, unless the defendant in his pleadings demands affirmative relief on other causes of action, in which event the plaintiff may assert any cause of action against the defendant, regardless of its basis, by amended pleadings pursuant to the rules of civil procedure.*

action was therefore dismissed. *Technical Consultant Services v. Lakewood Pipe of Texas, Inc.,* No. 79–3836–7 (Fla.Cir.Ct. Apr. 11, 1980) (order on jurisdiction). Later, the trial court denied Rubaii's motion for rehearing. In its order denying rehearing, the trial court specified that its dismissal was without prejudice, so that Rubaii could bring an action in the appropriate forum. *Technical Consultant Services v. Lakewood Pipe of Texas, Inc.,* No. 79–3836–7 (Fla. Cir.Ct. Apr. 30, 1980) (order on motion for rehearing), *aff'd per curiam sub nom., Rubaii v. Lakewood Pipe of Texas,* 394 So.2d 1160 (2d Fla.Dist.Ct.App.1981).

Rubaii then brought this action to the federal courts. The U.S. District Court for the Middle District of Florida held that Lakewood Pipe did not have sufficient minimum contacts with Florida. Thus, the court dismissed the action without prejudice. *Rubaii v. Lakewood Pipe of Texas,* No. 80–910 (M.D.Fla. Nov. 4, 1981) (order of dismissal). Rubaii's appeal to this court followed.

## II.

▬▬ With respect to Rubaii's contract claims, we hold that the doctrine of res judicata bars further litigation on the question whether there is personal jurisdiction over Lakewood Pipe in Florida. Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Here, all requisites for applying res judicata have been satisfied. It is well-settled that res judicata applies to jurisdictional questions. *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Association,*

455 U.S. 691, 706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558, 571 (1982) (quoting *American Surety Co. v. Baldwin,* 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932)). In this case, the Florida trial court's order dismissing for want of personal jurisdiction operates as a final judgment on the merits. The Florida trial court ruled that Florida does not have personal jurisdiction over Lakewood Pipe under Fla.Stat.Ann. § 48.-193(1)(g) (West Supp.1981) (action for breach of contract). *Technical Consultant Services v. Lakewood Pipe of Texas, Inc.,* No. 79–3876–7 (Fla.Cir.Ct. Apr. 11, 1980) (order on jurisdiction). Florida's Second District Court of Appeals affirmed the trial court's denial of rehearing.[3] A federal district court sitting in diversity has personal jurisdiction over the defendant to the extent permitted by state law. *Moore v. Lindsey,* 662 F.2d 354, 357–58 (5th Cir. 1981);[4] *Gold Kist, Inc. v. Baskin-Robbins Ice Cream Co.,* 623 F.2d 375, 377 (5th Cir. 1980); *Washington v. Norton Manufacturing, Inc.,* 588 F.2d 441, 444 (5th Cir.), *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979); 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4511 (1982). Since the Florida courts have determined that Florida lacks jurisdiction over Lakewood Pipe for the contract claims, the doctrine of res judicata bars further litigation on this matter in any federal district court sitting in Florida.

## III.

▬▬ Regarding Rubaii's tort claims, we note that we would usually evaluate a jurisdictional problem in two steps, looking first at the statute and then at constitutional requirements. Rubaii asserts that the Florida long-arm statute permits Florida courts

---

3. The Florida circuit court had dismissed "without prejudice to the bringing of the action in the appropriate forum having jurisdiction of the parties." *Technical Consultant Services v. Lakewood Pipe of Texas, Inc.,* No. 79–3836–7 (Fla.Cir.Ct. Apr. 30, 1980) (order on motion for rehearing), *aff'd per curiam sub nom., Rubaii v. Lakewood Pipe of Texas,* 394 So.2d 1160 (2d Fla.Dist.Ct.App.1981). After these decisions, no Florida court can be an appropriate forum.

4. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34. *Cf. Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

to exercise personal jurisdiction to the extent permitted by the Fourteenth Amendment's due process clause. Without interpreting Florida law, we accept Rubaii's characterization of the statute for the purposes of this argument. We therefore consider the constitutional question. Under the oft-cited rule, the Fourteenth Amendment's due process clause requires that Lakewood Pipe have such minimum contacts with Florida so "that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Applying the mode of analysis developed in *International Shoe,* it is evident that Lakewood Pipe does not engage in continuous and systematic activities in Florida. Where the defendant's activities are not continuous and systematic, jurisdiction depends on the relationship between the cause of action on the one hand and the nature and quality of defendant's activities on the other hand. *E.g., McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *Insurance Company of North America v. Marina Salina Cruz,* 649 F.2d 1266, 1270 (9th Cir.1981); *Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.,* 633 F.2d 155, 159 (9th Cir.1980). Here, Lakewood Pipe's occasional and minimal activities in Florida did not give rise to Rubaii's tort claims. Lakewood Pipe's activities connected with Florida included a Lakewood Pipe executive's meeting and overnight visit in Florida, written correspondence between Lakewood Pipe in Texas and Federal Supply in Florida, and Lakewood Pipe's payment (from Texas) of $35,000 to Federal Supply (in Florida). Rubaii also points to the letter of credit held by a Texas bank, the Federal Supply document signed by Lakewood Pipe's general manager, Ken Huse, and Lakewood Pipe's claim in the Florida Federal Supply bankruptcy proceedings. There is no proof that Lakewood Pipe executed any of the foregoing documents or instruments in Florida. There is no proof of the actual presence in Florida of any agent or employee of Lakewood Pipe, except for the single overnight visit and perhaps the bankruptcy proceedings. Significantly, there is no proof that even the foregoing minimal activities were related to the alleged tort. Rubaii is required to make "a prima facie showing of the facts on which jurisdiction is predicated." *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 491 (5th Cir.1974). We therefore affirm the district court's dismissal for lack of personal jurisdiction. We view the case differently from the facts of *McGee v. International Life Insurance Co.,* 355 U.S. 220, 223–24, 78 S.Ct. 199, 201–202, 2 L.Ed.2d 223 (1957). In *McGee,* the Supreme Court was influenced by the fact that the nonresident corporation's activities, though minimal, specifically gave rise to the liabilities sued upon. Such is not the case here.

AFFIRMED.

JONES, Circuit Judge, concurring specially:

For the reasons outlined below, I concur in the result.

Florida's long-arm statute authorizes jurisdiction over any tortious act which results in injury within the state. *Bangor Punta Operations v. Universal Marine Co.,* 5th Cir. 1976, 543 F.2d 1107, 1109. The appellant has alleged injury which falls within the statute. Therefore it is unnecessary to consider whether Florida has provided that its courts may extend their personal jurisdiction to the full extent allowable under the constitution. The majority seems to have departed from the accepted principle that the courts will not decide constitutional issues without first considering matters of state law. See *Benham v. Edwards,* 5th Cir.1982, 678 F.2d 511, 529. Since the appellant has the burden of proving contacts sufficient to meet the minimum due process standards regardless of compliance with state statutes, I concur in the result reached by the majority.