Timothy R. HARBUCK,
Plaintiff–Appellant,

v.

MARSH BLOCK & COMPANY,
Defendant–Appellee.

No. 89–3209.

United States Court of Appeals,
Eleventh Circuit.

March 22, 1990.

Robert Dyer, Neal J. Blaher, Duckworth, Allen, Dyer & Doppelt, Orlando, Fla., for plaintiff-appellant.

Lee F. Bantle, Beldock, Levine & Hoffman, New York City, for defendant-appellee.

Before TJOFLAT, Chief Judge, TUTTLE, and RONEY *, Senior Circuit Judges.

PER CURIAM:

Investor Timothy Harbuck in a dispute with his securities broker, Marsh Block & Company, petitioned the district court to stay a National Association of Securities Dealers arbitration of the dispute on the ground that he was entitled to arbitration by the American Arbitration Association. The district court denied relief. We affirm on the ground that Harbuck's claim has already been decided by a New York state court, binding on the Federal court in this Federal Arbitration Act case.

The standard-form customer agreement between Timothy Harbuck and Marsh Block & Company provided that all disputes would be resolved by arbitration, that New York arbitration law would govern, and that Harbuck would enjoy a limited right to "elect in the first instance" the arbitral forum. When Harbuck's account was closed with a deficit balance of $27,-482, Marsh Block instituted arbitration proceedings against Harbuck before the National Association of Securities Dealers (NASD) to recover this sum. Harbuck responded by instituting arbitration proceedings of his own before the American Arbi-

tration Association (AAA), asserting that Marsh Block had conducted unsuitable trading in his account, in violation of state and federal securities laws.

Marsh Block, in turn, responded by filing an action in New York state court seeking a stay of the AAA arbitration on grounds that (1) the demand for it had not been properly served and (2) NASD arbitration of the same dispute was already underway. Harbuck filed a pre-answer motion to dismiss, urging that the New York court lacked jurisdiction over him, which was denied. Appearing on the merits, Harbuck reasserted his jurisdictional objection without success. The court ruled for Marsh Block, granting a permanent stay of the AAA arbitration. Harbuck appealed. The appeal was ultimately dismissed on grounds of mootness and failure to prosecute.

While Harbuck's New York appeal was pending, he instituted this action by filing a motion in the district court to stay the NASD arbitration and compel AAA arbitration of the parties' dispute. After the appeal was filed from the district court's denial of relief, the NASD arbitration proceeded, with Harbuck participating under protest. On July 27, 1989 (after this appeal was briefed but prior to oral argument), the NASD arbitral panel rendered its final decision: Marsh Block's claims, as well as Harbuck's counterclaims, were dismissed, and neither party recovered anything from the other.

Federal courts must accord the same preclusive effect to a state court judgment as would be accorded that judgment under the law of the state in which the judgment was rendered. 28 U.S.C.A. § 1738;[1] *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1899, 72 L.Ed.2d 262 (1982); *Allen v.*

---

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. The progenitor of this statute was enacted by the First Congress in 1790. Its effect is to extend the Constitution's Full Faith and Credit Clause to all courts, federal as well as state. *Durfee v. Duke*, 375 U.S. 106, 107 n. 1, 84 S.Ct. 242, 243 n. 1, 11 L.Ed.2d 186 (1963) (citations omitted).

*McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

■ The courts of New York take a black-letter approach to res judicata law. In New York, as elsewhere, the basic test for the application of the doctrine of res judicata is whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second. *Schuylkill Fuel Corp. v. Nieberg Realty Corp.*, 250 N.Y. 304, 308, 165 N.E. 456 (1929). Although Harbuck must concede that the New York court rendered a final judgment on the merits between identical parties on the same cause of action, he contends that the New York court lacked personal jurisdiction to decide the controversy. Federal courts must inquire into the jurisdictional basis of a state court judgment before according it full faith and credit. *American Steel Building Co. v. Davidson & Richardson Constr. Co.*, 847 F.2d 1519 (11th Cir.1988). Where the question of personal jurisdiction has been fully and fairly litigated and finally decided in the state court, however, that decision must be accorded full faith and credit in the federal court. *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Ass'n*, 455 U.S. 691, 706, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982); *Durfee v. Duke*, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963); *American Surety Co. v. Baldwin*, 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932); *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 524–26, 51 S.Ct. 517, 517–18, 75 L.Ed. 1244 (1931); *American Steel*, 847 F.2d at 1521; *Rubaii v. Lakewood Pipe of Texas*, 695 F.2d 541, 543 (11th Cir.1983); *United States v. Timmons*, 672 F.2d 1373, 1378 (11th Cir.1982).

■ Harbuck does not dispute that the personal jurisdiction issue was fully and fairly litigated and finally decided adversely to him in the New York courts, but argues that we may "revisit" this issue. Harbuck contends that where tort claims are involved, state courts' personal jurisdiction determinations may be re-examined by federal courts relying on *Rubaii v. Lake-*

*wood Pipe of Texas*, 695 F.2d 541 (11th Cir.1983), which did examine the personal jurisdiction issue insofar as tort claims were concerned. In *Rubaii*, however, that issue had not been litigated or decided in the state court. Although not absolutely clear from the opinion, examination of the briefs filed in *Rubaii* has established that personal jurisdiction for tort claim purposes was not presented or decided in state court. The *Rubaii* court did find itself precluded by res judicata principles from examining personal jurisdiction for contract claim purposes, an issue that had been presented and decided in the state court. *Rubaii*, 695 F.2d at 543. Neither does *A.L.T. Corp. v. Small Business Administration*, 801 F.2d 1451 (5th Cir.1986), cited by Harbuck, create a "tort claim exception." That case involved issues of subject matter, not personal jurisdiction.

■ Harbuck argues that because the personal jurisdiction issue involves questions of *federal* due process, and this lawsuit involves the *Federal* Arbitration Act, federal court re-examination of personal jurisdiction is warranted. It is well-settled, however, that state court personal jurisdiction determinations have res judicata effect even as to their federal due process aspects. *American Surety*, 287 U.S. at 167, 53 S.Ct. at 101; *American Steel*, 847 F.2d at 1522 n. 3. Such a rule is not unreasonable, for, as the Supreme Court noted, nothing prevents parties in appellant's position from presenting the due process issue to the state's highest court and then seeking Supreme Court review. *American Surety*, 287 U.S. at 167, 53 S.Ct. at 101. It is equally well-settled that state courts have jurisdiction to hear cases arising under the Federal Arbitration Act. *Ultracashmere House, Ltd. v. Meyer*, 664 F.2d 1176, 1180 (11th Cir.1981); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 395 (5th Cir. Unit B 1981).

The other cases cited by Harbuck do not support his argument. *International Longshoremen's Ass'n, AFL–CIO v. Davis*, 476 U.S. 380, 106 S.Ct. 1904, 90 L.Ed.2d 389 (1986), and *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370

(1940), were not personal jurisdiction cases; they instead involved subject matter jurisdiction as well as federal preemption. In *Sherman v. Kirshman,* 369 F.2d 886 (2d Cir.1966), personal jurisdiction was neither litigated nor decided in the state court. *Pesaplastic v. Cincinnati Milacron Co.,* 750 F.2d 1516 (11th Cir.1985), did not involve a state court judgment or any res judicata issue.

The New York state court judgment bars this action.

AFFIRMED.