In re Randall J. NORTON, Debtor.

John M. SIKES, Jr., Plaintiff,

v.

Randall J. NORTON, Defendant.

Bankruptcy No. A92–62567–REB.
Adv. No. 92–6501.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 2, 1995.

John M. Sikes, Jr., Atlanta, GA, for plaintiff.

Rex P. Cornelison, III, Cornelison & Assoc., Roswell, GA, for defendant.

## ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on cross motions for entry of summary judgment. In his complaint, Plaintiff contends that Defendant–Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A) and (B). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Upon consideration of the motions and the record, the Court concludes that both motions should be denied.

Plaintiff's complaint objecting to Debtor's discharge arises in connection with a state court judgment obtained against Debtor on July 9, 1991, on a joint and several basis along with Inter–State Computer Corporation and another individual with regard to unpaid legal fees. Prior to said judgment, Debtor had transferred his interest in three certain parcels of real property to his wife without consideration as evidenced by warranty deeds recorded by the Clerk of Superior Court, Cherokee County, Georgia and the Clerk of Superior Court, Pickens County, Georgia, on December 14, 1990 and December 18, 1990, respectively. Plaintiff alleges that these transfers were made in violation of O.C.G.A. § 18–2–22(1), (2), and (3) (Michie 1991) and were fraudulent and void and constitute a continuing concealment of assets. Further, he asserts that the transfers in question have already been determined to be null and void based on this Court's earlier findings and conclusions in another adversary proceeding in this bankruptcy case and that they were made with intent to hinder, delay, or defraud creditors. See Judgment of March 7, 1994, Adv.Proc. No. 92–6843, Chapter 7 Case No. A92–62567–REB; see also Partial Transcript of February 28, 1994 (Ruling of the Court).

It is Plaintiff's position that these prior findings are binding upon this Court in this adversary proceeding and Debtor is collater-ally estopped from relitigating same. In addition, he argues, Debtor concealed the beneficial interest he retained in that certain parcel of property on which he resides into the one year statutory period set forth in Section 727(a)(2)(A). Thus, he maintains, Debtor's discharge may still be denied notwithstanding the fact that the transfer occurred fourteen months before the filing of this bankruptcy case on February 11, 1992. Plaintiff contends that Debtor's continued living on one of the transferred parcels and that Debtor's claim of an exemption in this property in his bankruptcy schedules are both evidence of such concealed beneficial interest.

Debtor counters that Plaintiff, subsequent to the filing of the bankruptcy petition, has no standing as an individual creditor, as opposed to the trustee, to bring a claim under state fraudulent conveyance law to challenge transfers of property made fourteen months before bankruptcy. See Section 544(a).[1] He argues that Plaintiff is estopped from claiming an interest in property allegedly retained by Debtor after the transfers. Only the Trustee, he maintains, is able to assert such a claim as it belongs to the estate. Further, any claim predicated upon O.C.G.A. § 18–2–22(1) and (3) has already been decided by the Court in Adversary Proceeding No. 92–6843 in favor of the Debtor when it was determined that, among other things, the Trustee failed to prove insolvency. In addition, the obligation allegedly owed to Plaintiff was not among those found to be in existence on the date of the subject transfers and, therefore, Debtor contends that relief on these grounds cannot be relitigated by Plaintiff.

Debtor also asserts that the present action is in violation of Fed.R.Bankr.P. 9011 because it is obvious that Section 727(a) does not apply to transfers occurring more than one year before bankruptcy. In defense of the alleged concealment as same relates to Debtor's claim of an exemption in the transferred property, he contends that the exemp-

---

1. Debtor also contends that Plaintiff's motion is procedurally defective in that his proposed findings, which appear in the form of issues and contain legal conclusions, do not satisfy the requirement under local rule that a motion for summary judgment must be accompanied by a statement of undisputed material facts. Plaintiff argues in response that Debtor's counsel's mere unverified denials fail to meet the standard set forth in Fed.R.Civ.P. 56(e), applicable herein through Fed.R.Bankr.P. 7056, for showing the existence of specific fact issues.

tion was claimed in error. Moreover, he states that the transfers were filed of public record and that he has never denied that he lived on one of the properties he transferred to his wife.[2] Plaintiff's reliance upon matters of public record and those freely admitted by Debtor, he insists, cannot serve as proof of concealment.

Additionally, Debtor disputes the underlying basis of Plaintiff's claim for unpaid attorney's fees, for which Debtor was found jointly and severally liable, on grounds that the legal services provided were performed for the benefit of and restricted to the corporate co-defendant, which was the entity that had agreed to compensate Plaintiff. Therefore, Debtor alleges that the judgment entered against him in state court for these fees was improper.[3] Finally, he demands attorney's fees under Section 523(d), claiming that this is an abusive and frivolous action.[4]

In the present action, Plaintiff is not seeking a judgment against Debtor based on this Court's determination of liability. Consequently, there is no danger of duplicate judgments as asserted by Debtor. Instead, based on the prayers in his complaint, Plaintiff is only objecting to Debtor's discharge under 11 U.S.C. § 727(a). Because such a challenge may be initiated by a creditor pursuant to Section 727(c)(1), it is necessary to establish whether Plaintiff does in fact hold a claim against Debtor and his estate.

As noted above, Debtor disputes the basis of Plaintiff's claim against him because Plaintiff allegedly only represented the corporate co-defendant in the original suit. Yet, he admits that the plaintiffs in the original state court action were not only seeking judgment against the corporation, but also against him as an employee. Debtor states that Plaintiff herein successfully argued that Debtor was not individually liable because he was merely an employee. Thereafter, Plaintiff brought suit against Debtor and the other defendants for unpaid legal fees in the State Court of Fulton County. Debtor contends that there was no contract to pay the fees, and further, that he was served with process in Fulton County, at his place of work, although he is a resident of Cherokee County.[5]

Although Debtor raised, among others, the defense of lack of jurisdiction and venue, Plaintiff obtained an unopposed summary judgment in his favor. He then initiated collection procedures in the Superior Court of Cherokee County as well as State Court of Fulton County; whereupon, Debtor sought bankruptcy protection. Apparently, this summary judgment was never appealed.

Debtor argues that a judgment which is void for lack of jurisdiction of the person may be contested at any time. *See* O.C.G.A. § 9–11–60(f). Preclusive effect, however, must be accorded to state court judgments as would be appropriate under the law of that state. *See Harbuck v. Marsh Block & Co.*, 896 F.2d 1327, 1328 (11th Cir. 1990). Further, in determining whether preclusive effect may be accorded to a prior state court judgment, federal courts are obliged to inquire into its jurisdictional basis.

---

2. As a matter of record, Debtor has denied on several occasions that he continued to live in the premises as transferred. *See* Answer ¶ 1 (denying complaint ¶ 5); and Response to Plaintiff's proposed findings of fact ¶ 16. This parcel is given as his resident address in his schedules; to wit, Route 8, Ranchwood Trail, Canton, Georgia. Accordingly, the Court will construe the statements in his briefs and schedules as an acknowledgment that Debtor continued to live at the address describing this parcel of property with his wife after the transfer.

3. Debtor contends that the summary judgment for unpaid legal fees, entered by the State Court of Fulton County after the defendants in that action failed to respond, is void for lack of jurisdiction. Under Georgia law, he asserts, Plaintiff should have brought his claims against Debtor individually in Cherokee County as the county where Debtor resided, and where Plaintiff also later attempted to collect his judgment. Jurisdictional issues, he claims, may be raised at any time. Further, Debtor states that there is no evidence that he and the corporate co-defendant were joint obligors as Plaintiff's duty in the original suit was to defend and provide legal counsel to the corporation alone. This issue, along with his jurisdictional challenge, has never been tried. Plaintiff disputes this contention.

4. Because this is an action under Section 727(a), a claim for attorney's fees may not be properly asserted under Section 523(d).

5. Both the corporate co-defendant and the other individual co-defendant in that suit were apparently residents of Fulton County.

*Id.* at 1329. State court determinations of personal jurisdiction, however, are entitled to preclusive effect. *Id.*

■ Under Georgia law, personal jurisdiction and venue denote separate concepts. Improper venue may serve as grounds for a finding of lack of jurisdiction and this is apparently the basis of Debtor's jurisdictional challenge. Debtor asserts that the issue of personal jurisdiction was never litigated and decided. He contends that there is no evidence that he and the corporate co-defendant were joint obligors in terms of Plaintiff's legal representation and thus, venue could only be properly laid against him in Cherokee County. *See* Ga. Const. art. 6, § 2, ¶ 6. Under Georgia law as reviewed by this Court, suits against alleged joint obligors residing in different counties may be tried in the county of residence of either co-defendant. *See* Ga. Const. art. 6, § 2, ¶ 4; O.C.G.A. § 9–10–31; *see also Taylor v. Career Concepts, Inc.,* 184 Ga.App. 551, 362 S.E.2d 128 (1987); *cf. Lester Witte & Co. v. Cobb Bank & Trust Co.,* 248 Ga. 235, 282 S.E.2d 296 (1981).

From a review of the record, it appears that judgment was entered against Debtor and the other co-defendants only after the state court judge examined the case file and concluded that Plaintiff was entitled to such relief, notwithstanding the fact that his summary judgment motion was unopposed. Joint and several liability was alleged as part of the claim and judgment was entered on that basis pertaining to legal services rendered to and accepted by Debtor and his co-defendants in connection with their prior defense by Plaintiff. *See generally Llop v. McDaniel, Chorey & Taylor,* 171 Ga.App. 400, 320 S.E.2d 244 (1984). Thus, it does not appear from the face of the state court judgment or record as presented herein that venue as to Debtor was improperly laid in Ful-

ton County. Further, the record reflects no effort to seek a reconsideration of this ruling or to file an appeal on grounds of improper venue or with regard to the substantive basis or merits of the court's determination of liability. Finally, whether or not, as argued by Debtor, such an agreement of joint representation was appropriate under state ethical rules, the state court evidently concluded that such a relationship did not prohibit the granting of a judgment on a joint and several basis.

Based on the foregoing, this Court concludes that under state law the courts of the state of Georgia would accord preclusive effect to the judgment entered by the State Court of Fulton County. In addition, the Court, having inquired into the jurisdictional basis of the judgment, concludes that it is appropriate to accord it full faith and credit herein. Accordingly, the existence and basis of Debtor's liability to Plaintiff having been established, the Court concludes that Plaintiff, as a creditor, has standing to object to Debtor's discharge under 11 U.S.C. § 727(a). *See* Section 727(c)(1).

■ Under Section 727(a)(2)(A), a discharge shall not be granted if a debtor "with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed— ... (A) property of the debtor, within one year before the date of the filing of the petition...." Ordinarily, issues of fraudulent intent are not susceptible to summary disposition due to the importance of observing witness demeanor and assessing credibility. Having previously observed Debtor and assessed the credibility of his testimony, this Court has determined that he made the transfers in issue with intent to hinder, delay, and defraud creditors in violation of O.C.G.A. § 18–2–22(2). *See* Transcript at 8.[6]

---

6. Section 18–2–22 provides in pertinent part as follows:

The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:

. . . . .

(2) Every conveyance of real or personal estate ... had or made with intention to delay or defraud creditors....

O.C.G.A. § 18–2–22.

As noted above, Debtor argues that the relief granted to the Chapter 7 Trustee in Adversary Proceeding No. 92–6843 precludes relief to Plaintiff on the same grounds herein. Further, he maintains, Plaintiff's claim was not one of those recognized at the previous trial as having been in existence at the time of the transfers in question. Moreover, because the Trustee has now compromised and settled his claim against Debtor's wife, the transferee, Plaintiff is further precluded from bringing this action. These arguments, however, misperceive the legal effect of the Court's avoidance of the challenged transfers and related findings of fact.

Although the Trustee's claim proceeded under 11 U.S.C. § 544(b) and O.C.G.A. § 18–2–22, the determination that Debtor made the subject transfers to his wife in an intentional effort to perpetrate fraud and conceal assets may constitute a sufficient legal basis for denying his discharge pursuant to 11 U.S.C. § 727(a)(2)(A). *See generally Cohen v. Bucci*, 905 F.2d 1111 (1990), *reh'g denied, en banc* (7th Cir. July 30, 1990); *First Eastern Bank, N.A. v. Jacobs (In re Jacobs )*, 60 B.R. 811, 816 n. 8 (M.D.Pa.1985), *aff'd without op.*, 802 F.2d 446, *aff'd without op., Appeal of Jacobs*, 802 F.2d 447 (3d Cir.1986). In *Cohen, supra*, for example, the avoidance of a transfer under Section 548(a)(1), based on a finding of fraudulent intent, served as grounds for denial of discharge under Section 727(a)(2)(A), given the substantial similarity between the language used in these provisions. The findings necessary to support a determination of actual intent to hinder, delay, and defraud creditors under O.C.G.A. § 18–2–22(2) are sufficiently identical to those required under 11 U.S.C. § 548(a)(1) to conclude that such findings are similarly dispositive of said issue in this case under Section 727(a)(2)(A).

Plaintiff is not seeking to set aside Debtor's transfers of property, but he is not necessarily precluded from relying on this Court's prior determinations with respect to such transfers in Adversary Proceeding No. 92–6843. The issue of Debtor's intent in connection with the subject transfers was actually litigated in the prior action and its determination was essential to the Court's

judgment. Further, the Court finds no evidence that Debtor lacked adequate incentive to fully litigate this issue therein. Accordingly, based on this Court's prior judgment and the findings and conclusions therein that the Debtor acted with actual intent to defraud his creditors when he transferred the subject property to his wife, Debtor is collaterally estopped from relitigating this issue herein.

■ The remaining element in this action centers upon Debtor's alleged concealment of a beneficial interest and the effect of the one year period prescribed in Section 727(a)(2)(A). Debtor argues that the application of this subsection is specifically restricted to those transfers occurring within one year of the petition date which, he claims, patently excludes the subject transfers to his wife. Existing case law, however, recognizes that a transfer or an initial act of concealment occurring prior to this one year period may, nonetheless, warrant denial of discharge if the transfer is concealed or a beneficial interest is secretly retained into this period. *See Thibodeaux v. Olivier (In re Olivier )*, 819 F.2d 550 (5th Cir.1987); *Friedell v. Kauffman (In re Kauffman )*, 675 F.2d 127 (7th Cir.1981); *Penner v. Penner (In re Penner )*, 107 B.R. 171 (Bankr. N.D.Ind.1989); *see also Rosen v. Bezner*, 996 F.2d 1527, 1532 (3d Cir.1993).

■ Debtor maintains that, because the transfers were filed of public record, they could not have been concealed. Concealment under the statute, however, includes an apparent transfer of title whereby a debtor retains a concealed interest in the property and continues to use it as his own. It is the intentional, fraudulent attempt to distort the "true" state of ownership of an asset from creditors that establishes concealment. As used here, the true state of ownership refers to the transferor's intent to deceive others through a public transfer of title with the secret anticipation or understanding that he will later "reclaim" the property from the transferee, or that he will continue to enjoy full access to the incidents of ownership. In this sense, then, transferring record title, when done according to such a design, is conceptually indistinguishable from tempo-

rarily surrendering possession of an item of personal property in order to hide or conceal a claim to ownership. *See generally Penner, supra,* 107 B.R. at 173–74. Evidence of the retention of benefits can thereby serve to establish the existence of such fraudulent intent or scheme as well as confirm the underlying deceitful purpose of the transferor.[7]

█ In this case, it has already been shown that Debtor continued to live on one of the transferred parcels and that his wife did not know the transfers had even occurred until some time later as Debtor did not consult with or tell her about them. Nevertheless, upon review of the record and based upon the foregoing discussion, the Court concludes that a factual issue still exists with regard to the nature and extent of the benefits of ownership Debtor allegedly retained and concealed after the subject transfers. Accordingly, it is

**ORDERED** that Plaintiff's motion for summary judgment is **denied,** and it is

**FURTHER ORDERED** that Defendant–Debtor's motion for summary judgment is **denied.** It is

**FURTHER ORDERED** that a pretrial conference will be held on the factual issue set forth hereinabove pursuant to 11 U.S.C. § 727(a)(2)(A) upon separate written notice.

**IT IS SO ORDERED.**

---

**7.** The debtor-transferor's expectation that he will be able to use or reclaim full ownership of the transferred property is sufficiently culpable, whether or not his actual resulting interest would be legally insufficient to resist an action by the transferee to remove him as a tenant at sufferance or at will.