**Larry POHLMANN, Plaintiff/Appellant,**

v.

**BIL–JAX, INC., Defendant/Respondent.**

**No. 71216.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 29, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 22, 1997.

Application to Transfer Denied
Nov. 25, 1997.

John J. Allan, Gregory Brough, Clayton, for plaintiff/appellant.

Mark G. Arnold, Matthew Menghini, St. Louis, for defendant/respondent.

CRANDALL, Judge.

Plaintiff, Larry Pohlmann, brought a products liability action against defendant, Bil–Jax, Inc. The jury found in plaintiff's favor and awarded damages. Plaintiff appeals from the trial court's grant of defendant's motion for new trial as to damages only after he declined to accept remittitur. We reverse and remand with directions.

The evidence established that on August 10, 1989, plaintiff was employed as a carpenter by a construction company remodeling a bar and restaurant. He and another worker assembled a multipurpose scaffold for use on the job. When plaintiff stood on the scaffold, it collapsed and he fell to the ground, crushing his ankle.

The jury returned a verdict in favor of plaintiff in the amount of $2,000,000.00. Defendant filed a motion for judgment notwithstanding the verdict or alternatively for a new trial or remittitur. The trial court overruled defendant's motion as to liability, but sustained it as to damages; and entered an order of remittitur, reducing the award to $362,339.00. The court granted a new trial after plaintiff declined to accept the remittitur.

Here, defendant contends that as a nonresident, the trial court lacked personal jurisdiction over it. Its challenge is based not on Missouri's long arm statute but on due process considerations. The threshold issue is whether the trial court had personal jurisdiction over defendant.

In his petition, plaintiff alleged that defendant "designed, manufactured and sold or otherwise placed into the chain of commerce a ... Multi Purpose ... scaffold." Defendant denied this allegation and also raised the lack of jurisdiction as an affirmative defense in its answer. Defendant raised the jurisdictional issue again in its motion for new trial. On appeal, defendant contends that plaintiff did not prove that there were sufficient minimum contacts with Missouri such that Missouri could exercise jurisdiction over defendant without violating due process guarantees.

A defendant has the initial burden of raising lack of personal jurisdiction under Rule 55.27. When a defendant raises the issue of lack of personal jurisdiction, the burden then shifts to the plaintiff to prove that the action arose out of an activity covered by the long arm statute, section 506.500 RSMo 1986, and that the defendant had sufficient minimum contacts with the forum state to satisfy due process requirements. *State ex rel. William Ranni Associates, Inc., v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). For a state to exercise personal jurisdiction over a nonresident defendant, the due process clause requires that the defendant have sufficient minimum contacts with the state in which the cause of action arose. *State ex rel. Wichita Falls Gen. Hosp. v. Adolf*, 728 S.W.2d 604, 606 (Mo.App.1987).

In a products liability case involving a product being placed into the stream of commerce, the minimum contacts required are

less stringent than in other areas. *Id.* at 608. In order to establish minimum contacts within the forum state, the sale or distribution of a product of a manufacturer must arise from the efforts of the manufacturer to serve the market for the product in the forum state and the manufacturer must market and deliver its product into the stream of commerce with the expectation that the products will be sold in the forum state. *Welkener v. Kirkwood Drug Store Co.*, 734 S.W.2d 233, 239 (Mo.App.1987) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)). There must be some acts by which the manufacturer purposefully avails itself of the privilege of conducting business within the forum state. *Welkener*, 734 S.W.2d at 237.

■ Foreseeability alone is not a sufficient benchmark for personal jurisdiction. *Wichita Falls Gen. Hosp.*, 728 S.W.2d at 607. The foreseeability that is critical to due process is not the mere likelihood that a product will find its way into the forum state; rather it is that the defendant's conduct and connection with the forum state are such that it should reasonably anticipate being haled into court there. *Id.* (citing *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The placement of a product into the stream of commerce without more is not an action of defendant purposefully directed toward the forum state. *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987). Examples of conduct evincing an intent to serve the market include: designing the product for the market in the forum state; advertising in the forum state; establishing channels for providing regular advice to customers through the forum state; or marketing the product through a distributor who has agreed to serve as the sales agent in the forum state. *Id.*

■ Here, evidence regarding defendant's contacts with Missouri was elicited by plaintiff's counsel during the deposition of Steven Storrer, defendant's product safety manager:

[PLAINTIFF'S COUNSEL]: Okay. When you sell a product or when you manufacture your product, you have an anticipation and a foreseeability that some of that product might end up in the state of Missouri, is that correct, for sale?

\* \* \* \* \* \*

[STORRER]: We know that Missouri is part of Ray Hayles sales territory and so if he chooses to establish an account in Missouri, that may be the case, but Ray Hayles determines where he's going to attempt to establish accounts, we don't.
[PLAINTIFF'S COUNSEL]: As far as what your desires of Mr. Hayles though is, you want him selling your product in the State of Missouri, is that a correct statement?
[STORRER]: As part of his territory, sure.

The record is devoid of any other evidence regarding defendant's contacts with Missouri.

Plaintiff did not sustain his burden of proof that defendant had sufficient minimum contacts with Missouri to support the exercise of personal jurisdiction. Plaintiff presented no evidence that defendant sold, advertised, or marketed its scaffolds in Missouri. This is in contrast to the facts in *State ex rel. Newport v. Wiesman*, 627 S.W.2d 874 (Mo. banc 1982), a case in which the court found that there was personal jurisdiction where the nonresident manufacturer marketed, sold, and serviced its aircraft in Missouri, and had distributors in Missouri. The fact that defendant assigned Missouri as a territory to a sales representative, without some evidence that defendant exercised control over the activities of that sales representative regarding sales in Missouri, is not sufficient to establish minimum contacts. Here, the evidence was that the sales representative himself determined if he sold scaffolds in Missouri. Although it may have been foreseeable to defendant that one of its scaffolds might end up in Missouri, the mere likelihood that its product would find its way into Missouri does not satisfy constitutional due process. *See Wichita Falls Gen. Hosp.*, 728 S.W.2d at 607. Likewise, the intent to market and sell in Missouri is not sufficient to support jurisdic-

tion, because jurisdiction is premised on the activities of defendant which were calculated to reach Missouri, not on its intentions regarding Missouri.

Plaintiff's evidence did not establish that defendant purposefully directed its business activity toward Missouri. *Compare State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner,* 677 S.W.2d 325, 328 (Mo. banc 1984) (nonresident corporation had requisite contacts with Missouri where it shipped its materials into Missouri in order to have work done on them and then shipped them back to Georgia at its own expense). Plaintiff's evidence established only that defendant's presence in Missouri was casual and attenuated. Plaintiff did not prove either that defendant purposefully availed itself of the laws and protections of Missouri or that its contacts with Missouri were sufficient to satisfy constitutional due process.

We therefore reverse the judgment of the trial court and remand the cause with directions to dismiss plaintiff's petition without prejudice for lack of personal jurisdiction.[1]

AHRENS, P.J., and WILLIAM E. TURNAGE, Senior Judge, concur.

---

1. Defendant's motion to strike plaintiff's reply brief and motion to strike portions of plaintiff's supplemental legal file are denied.