5 F.Supp.2d 1037 (1998)
Larry POHLMANN, Plaintiff,
v.
BIL-JAX, INC., Defendant.
No. 4:98CV0192 TCM.
United States District Court, E.D. Missouri, Eastern Division.
June 2, 1998.
*1038 John J. Allen, Clayton, MO, for Plaintiff.
John E. Galvin, III, Sandberg & Phoenix, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
MUMMERT, United States Magistrate Judge.
This diversity case is before the Court[1] on defendant Bil-Jax, Inc.'s motion to dismiss on the grounds of res judicata. [Doc. 6]

Background
According to the allegations of the complaint, Larry Pohlmann ("Plaintiff") was injured when he fell from scaffolding designed, manufactured, and sold by Bil-Jax, Inc. ("Defendant"). (Compl. at ¶ 2.) He filed suit against Defendant, an Ohio corporation, in the Circuit Court for the City of St. Louis, State of Missouri, and obtained a jury verdict in his favor in the amount of Two Million Dollars. (Id. at ¶ 1; Pohlmann v. Bil-Jax, Inc., 954 S.W.2d 371, 372 (Mo.Ct.App.1997)). Judgment was entered, and was appealed. (Compl. at ¶ 1.)
Defendant argued on appeal that the trial court lacked personal jurisdiction over it. (Pohlmann, 954 S.W.2d at 372.) Its argument was based on due process considerations. (Id.) The appellate court concluded that Plaintiff had not sustained his burden of proof that Defendant had sufficient minimum contacts with Missouri to support the exercise of personal jurisdiction, finding that Plaintiff had presented no evidence that Defendant sold, advertised, or marketed its scaffolds in Missouri. (Id. at 373.) The court further found that the only evidence on Defendant's contacts with Missouri was that Missouri had been assigned as a territory to a sales representative, who then determined himself whether he sold scaffolds in Missouri. (Id.) Moreover, "Plaintiff's evidence established only that [D]efendant's presence in Missouri was casual and attenuated. Plaintiff did not prove either the [D]efendant purposefully availed itself of the laws and protections of Missouri or that its contacts with Missouri were sufficient to satisfy constitutional due process." (Id.) The appellate court reversed the judgment and remanded the cause with directions to dismiss the petition without prejudice for lack of personal jurisdiction. (Id. at 374.)
Plaintiff refiled his action in state court in December 1997. Defendant then removed the case to this court pursuant to 28 U.S.C. § 1441, and moves to dismiss, arguing that the question of personal jurisdiction over Defendant has been resolved adversely to Plaintiff and cannot be relitigated. Plaintiff counters that the action may be refiled and additional evidence submitted on the jurisdictional question because the dismissal was without prejudice.

Discussion
The Eighth Circuit Court of Appeals has consistently concluded that the preclusive effect of a prior judgment in a diversity action is a question of substantive law controlled by state common law. See Hillary v. *1039 Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir.1997), cert. denied, ___ U.S. ____, 118 S.Ct. 881, 139 L.Ed.2d 870 (1998). "[F]ederal courts must give preclusive effect to state court judgments, and the scope of the preclusive effect is governed by the law of the state from which the prior judgment emerged." Simmons v. O'Brien, 77 F.3d 1093, 1095 (8th Cir.1996). See also McNeill v. Franke, 84 F.3d 1010, 1012 (8th Cir.1996) (holding to same effect). The prior judgment at issue in the instant case was rendered under Missouri law; accordingly, this court must look to Missouri law to determine the preclusive effect of the appellate court's judgment that there was no personal jurisdiction over Defendant.
Under Missouri law, claim preclusion, also known as res judicata, bars the same parties from relitigating the same cause of action; issue preclusion, also known as collateral estoppel, bars a party from relitigating the same precise issue. See Id. at 1012-13. Defendant bases its argument that the question of personal jurisdiction cannot be relitigated on the doctrine of res judicata. As noted by the Eighth Circuit Court of Appeals in Tyus v. Schoemehl, 93 F.3d 449, 453 n. 5 (8th Cir.1996), cert. denied sub nom. Miller v. Schoemehl, ___ U.S. ____, 117 S.Ct. 1427, 137 L.Ed.2d 536 (1997), the Supreme Court discussed the interplay between issue preclusion and claim preclusion in Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984):
"The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of `res judicata.' Res judicata is often analyzed further to consist of two preclusion concepts: `issue preclusion' and `claim preclusion.' Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar." Tyus, 93 F.3d at 453 n. 5.
See also Nichols v. City of St. Louis, 837 F.2d 833, 835 (8th Cir.1988) (discussing distinction between "two aspects of res judicata"  claim preclusion and issue preclusion  and terming two aspects as "traditional res judicata" and collateral estoppel).
Thus, the question before the Court is one of issue preclusion, and, for ease of reference, that is the terminology that the Court will employ in its discussion.
"Under issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, `the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" Tyus, 93 F.3d at 453 (quoting Restatement (Second) of Judgments § 27 (1982)).
It is undisputed that the parties in the state proceedings are the same as in the instant proceedings. It is also undisputed that the state appellate court found that the trial court lacked personal jurisdiction over the Defendant. Plaintiff argues, however, that because the dismissal was without prejudice he can relitigate the question. This argument is unavailing under the Missouri Supreme Court's decision in Chromalloy American Corp. v. Elyria Foundry Co., 955 S.W.2d 1 (Mo.1997) (en banc) (per curiam), explaining the consequences of a dismissal without prejudice for lack of personal jurisdiction. The Court explained that "[a] dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided." Id. at 3. If an action is dismissed on the basis of personal jurisdiction, the dismissing court rejected the factual allegations which formed the basis for the claim of jurisdiction, and that rejection "has the effect of terminating the [plaintiff's] claim in the form in which it was cast" or in "the plaintiff's chosen forum" and "effectively precludes [plaintiff] from refiling its claim in Missouri." Id. at 4 (emphasis added). See also Mahoney v. Doerhoff Surgical Services, 807 S.W.2d 503, 506 *1040 (Mo.1991) (en banc). In other words, Plaintiff cannot relitigate in Missouri courts the question of personal jurisdiction in Missouri over Defendant, regardless of the dismissal being without prejudice.
Because Plaintiff cannot relitigate in Missouri courts an issue decided adversely to him by the Missouri Court of Appeals, he is precluded from relitigating in this Court the issue of personal jurisdiction over Defendant. See Deckert v. Wachovia Student Financial Services, Inc., 963 F.2d 816, 817-18 (5th Cir. 1992) (issue preclusion barred relitigation in federal diversity action of personal jurisdiction issue actually litigated and essential to the judgment in the prior state suit); Harbuck v. Marsh Block & Co., 896 F.2d 1327, 1329 (11th Cir.1990) (per curiam) (same); Kitces v. Wood, 917 F.Supp. 338, 341 (D.N.J. 1996) (same).
Plaintiff is not precluded from litigating his case in the proper forum; it merely precludes him from choosing the Missouri courts, or the federal court in Missouri sitting in diversity, as that forum. See Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure, § 4436 (1981) ("Dismissal for want of personal jurisdiction precludes relitigation of the same issue of jurisdiction, but does not preclude a second action on the same claim in a court that can establish personal jurisdiction.")[2]

Conclusion
Because the personal jurisdiction issue has already been decided by the Missouri courts and would not be relitigated by those courts, the doctrine of issue preclusion prevents the relitigation of the issue in this Court.
Accordingly,
IT IS HEREBY ORDERED that defendant Bil-Jax, Inc.'s Motion to Dismiss is GRANTED. [Doc. 6]
NOTES
[1] The parties have consented to the undersigned United States Magistrate Judge entering a final disposition in this case. See 28 U.S.C. § 636(c).
[2] The Court notes that the Plaintiff does not request that the case be transferred to another district.